## SUPREME COURT.

### JANE SMITH agt. WILLIAM SMITH.

Where a defendant has been brought up on attachment for *contempt* for disobedience of an order of the court, and interrogatories and defendant's answers thereto have been filed, *without any order of reference* for that purpose, the plaintiff may read *affidavits in opposition to such answers.*

An *order* of the court made at *special term,* requiring a payment of money, is properly served on the person, by delivery of a copy of it to him, and by showing him at the same time a *certified copy* of the original; and demand of payment, by a person duly authorized by written authority, who exhibits his authority.

*New York Special Term, May,* 1862.

THIS was an action for a divorce. On the 9th of December, 1861, on the application of the plaintiff, an order was made directing the defendant to pay a counsel fee of $250 within ten days. On the 1st of February, 1862, an attachment was issued against the defendant for contempt, and on the return day of the attachment an order was made directing the plaintiff to file interrogatories, and that the defendant answer them under oath. On the interrogatories and answer so filed, and on several affidavits, the plaintiff moved for a final commitment for contempt, until the $250 and costs were paid.

IRA D. WARREN, *for motion.*

I. The court may receive any affidavits or other proofs contradictory of the answers of the defendant, or in confirmation thereof; and shall, upon the answers to the interrogatories and affidavits, determine whether the defendant has been guilty of the misconduct alleged. (3 *R. S., last ed., p.* 852, § 19.)

Where the case has been sent to a referee, or under the old practice to a master, to take the defendant's answer, and such other proof as either party might produce, the court would not allow *ex parte* affidavits to be received,

unless the master was specially directed by the order of reference to receive such affidavits as proof. (*Cumming* agt. *Waggoner*, 7 *Paige*, 603 ; *Crary's N. Y. Pr.*, 404–407.)

The order directing interrogatories to be filed in this case, directed the application for a commitment to be heard on the interrogatories and answers, " and such further proof as either party may produce."

The affidavits produced impeach the defendant. He states in the answer to the 5th interrogatory, that he has not had to exceed $100 in cash since the order was made, and that for small collections made from his business. The affidavits show that he had $169 in the Hanover Bank when the order was made, and for some days after. His answers to the interrogatories convict him of contempt.

II. The order directing the defendant to pay $250 was properly served ; it was a special term order. A certified copy was shown to the defendant, and a copy at the same time delivered to him. A power of attorney to receive the money was at the same time exhibited to him, and the money demanded. This was a sufficient service of the order so as to convict the defendant of contempt. (*Hull* agt. *Thomas*, 3 *Ed. Ch. R.*, 236 ; *People* agt. *Sturtevant*, 5 *Seld.*, 278.)

III. The defendant should be fined the sum of $250, and a reasonable counsel fee for prosecuting this proceeding, and stand committed to the common jail until it is paid. (*Albany City Bank* agt. *Schermerhorn*, 9 *Paige*, 373 ; *People ex rel. Lovett* agt. *Rogers*, 2 *Paige*, 103.)

Wm. R. Stafford, *opposed.*

Barnard, Justice. Motion to commit defendant for contempt in not paying the sum of $250, directed by the order of Dec. 9th, 1861. The defendant has been brought up on attachment. Interrogatories, and defendant's answers thereto, have been filed. There was no order of reference

to take defendant's answers to the interrogatories, and such proof in support of and in opposition to the answers as each party should adduce.

The answers to the interrogatories having been filed, the plaintiff moves for commitment, and proposes to read affidavits in opposition to such answers. Defendant opposes the motion on the following grounds :

1. That he was not shown the signature of a judge or of the clerk to any order requiring him to pay.

2. That there was no personal demand.

3. That the agent who made the demand exhibited no written authority.

4. That defendant's neglect to pay arises solely from absolute poverty.

5. That no affidavit can be used in opposition to defendant's answers to interrogatories.

As to the affidavits contradicting answers to the interrogatories cannot be read, I think defendant is in error. Where there has been no reference to a master under the former system, or a reference under the present, to take the answers to the interrogatories and such proofs in support of and contradictory to such answers as either party might adduce, the court, on the coming in of the answers to the interrogatories, is not only authorized, but bound to receive such affidavits as may be adduced either in support of or in opposition to the answers. Although the court in such case is bound to receive affidavits, still if the affidavits presented are such as to make it apparent to the court that an oral examination of the affidavits is necessary, an order of reference to take such examination may be required. The present case requires no such reference.

Considering, then, the affidavits read by the plaintiff in opposition to the answers to the interrogatories, as well as the answers themselves, I am clearly of opinion that a copy of the order requiring the payment of the sum of $250, was personally served on the defendant, a certified copy having

the signature of the clerk of this court thereon, being at the same time shown defendant; and demand of payment was made on defendant personally, by a person duly authorized by written authority, who exhibited his written authority at the time; and that defendant's neglect to make payment arises from a wilful disobedience of the order, and not from absolute poverty. The order in question being a special term order, and entered with the clerk of this court, the service of a copy of it—a certified copy of the original order under the hand of the clerk being shown at the same time—is sufficient service under the principle of *Hull* agt. *Thomas*, ( 3 *Edw. Ch. R.* 236, *approved in People* agt. *Sturtevant.* 5 *Seld.*, *p.* 278,) to bring the party into contempt.