Pratt, J.
(dissenting)—This is an appeal from an order finding the appellant guilty of contempt of court in failing to obey a subpoena to attend as a witness in an action about to be tried.
The service of the subpoena and the fact that the defendant was called as a witness and failed to appear is proved beyond question.
There seems to be no irregularity in the proceedings. The Code, § 2269, provides two methods for the trial and punishment of contempt; first, by an order to show cause prosecuted in the action (secs. 2273, 2283) and by an attachment prosecuted as an original special proceeding against the accused and should be on behalf of the people. Section 2273-2281. It was in the latter proceeding that the defendant was prosecuted and fined.
The proceeding involved the question of fact as to the willful disobedience of the subpoena by the defendant. We think it was properly disposed of by the judge who granted the order at special' term.
The defendant claims that he was informed by his counsel that the cause had been adjourned till the following week. This furnishes no excuse for the disobedience of the order. The order to show cause why the defendant should not be punished for his contempt, and the decision thereon, furnish no defense to this proceeding. It was not res adjudicata, being based upon the disobedience of another and *755 different subpoena entirely separate and distinct from the present proceeding.
The proof was sufficient to establish that the defendant willfully and negligently failed to appear and that constituted a contempt, and the defendant was thereby made hable for the damages sustained by the plaintiff thereby.
People v. R. and S. R. R. Co., 76 N. Y., 294. Section 857 Code of. Civil Procedure. There was no irregularity in the proceedings. It was proper for the relator to read affidavits in rebuttal of the answer and affidavits of the defendant. Smith v. Smith, 14 Abb. Pr., 130 and 468.
We think the order should be affirmed, with costs and disbursements.