[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 296 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 298 
On the hearing of the application for the peremptory mandamus which was issued in this case, no cause was shown against the granting of the writ, and no appeal has been taken from the order for its issue. The question of the propriety of that order is not now before us, the present appeal being only from the order adjudging the appellants guilty of contempt in not having obeyed the writ.
It is objected on the part of the appellants that the writ was nugatory and obedience to it was impossible, because it commanded the erection on or before the first of January, 1877, of fences upon such portions of the railroad line as might then or thereafter be used or operated as a railroad. The direction so far as it related to the portion of the line which should be in operation on the first of January, 1877, was capable of being obeyed and the objection now made would arise only in case after January 1, 1877, other portions of the line should be put in operation. The direction to erect fences, etc., where not already constructed was we think sufficiently definite.
It is further contended that the penalty prescribed by 2 R.S., 587, sec. 60, is the only penalty which can be imposed in a case like the present. That section declares that "whenever a peremptory mandamus shall be directed to any public officer, body or board, commanding them to perform any public duty specially enjoined upon them by any provision of law, if it shall appear to the court that such officer or any member of such body or board has, without just excuse, refused or neglected to perform the duty so enjoined, *Page 299 
the court may impose a fine not exceeding $250 upon every such officer or member of such body or board; and such fine when collected shall be paid into the treasury. And the payment of such fine shall be a bar to any action for any penalty incurred by such officer or member of said body or board by reason of his refusal or neglect to perform the duty so enjoined."
We do not think that this provision was intended to prescribe the punishment for disobeying the writ, but that its object was to authorize the court to whom application should be made for a writ of mandamus against a public officer, body or board to compel the performance of a public duty specially enjoined by law, to impose a fine upon the officer, etc., for past neglect of the duty, in addition to awarding a peremptory mandamus compelling its performance, provided no just excuse is shown for such past neglect. This power of the court granting the mandamus, to fine for past neglect, was intended to obviate the necessity of a criminal prosecution under the statute which constitutes such neglect a misdemeanor, and to enable the court awarding the mandamus to dispose of the whole matter in one proceeding. The offence for which the fine is authorized to be imposed, is not disobedience of the writ, but the unexcused neglect of duty of which the officer was guilty before the writ issued and which rendered the application necessary, and the fine may be imposed at the time of issuing the peremptory writ. This is the clear import of the language of the section, and in the reviser's notes it is stated to be a new provision, intended for the purpose above indicated.
But independently of the question of the construction of the statute above referred to, it is inapplicable to the present case for the reason that the directors of the railroad company are not public officers, nor a public body or board within the meaning of the statute. They are however officers of a corporation created by the laws of this State, and exercising franchises therein, and which may be compelled by mandamus to perform specific acts enjoined by law, for the benefit of the public. (Rex v. Severnand Wyo. R.R. Co., *Page 300 
2 Barn. Ald., 646; People v. Troy and Boston R.R. Co., 47 How. Pr., 427; People v. Albany and Vt. R.R. Co.,24 N.Y., 267, 268.)
The further point is taken that the case is not within the provisions of the statute "of proceedings as for contempts to enforce civil remedies and to protect the rights of parties to civil actions." (2 R.S., 534.)
This statute provides for the punishment as for a contempt, of disobedience to any lawful order, decree, or process of any court of record. We think that this language is sufficient to embrace disobedience of a peremptory mandamus. Such a mandamus must be regarded as an order of the court within the meaning of this statute. It peremptorily commands the party to whom it is directed to do certain acts. It cannot be supposed that it was intended that the court should be powerless to enforce such a command, and yet if the point of the appellants is well taken no means are provided by law for its enforcement, for there is no other statute under which proceedings can be had for that purpose. It is argued that because, under the statute prescribing the proceedings on mandamus, the above cited statute relative to contempts is expressly made applicable for the purpose of compelling a return to an alternative writ, it cannot be resorted to for the purpose of compelling obedience to the peremptory writ, or of punishing disobedience to it, there being no express provision to that effect. (See 2 R.S., 586, § 54.) If we are right in holding that the word "order" is sufficiently comprehensive to embrace a mandamus, this argument must fail, for then there is express authority to punish disobedience of a peremptory mandamus. It was not necessary to specify in the statute every kind of order which might be enforced pursuant to its provisions. The mode of compelling a return to an alternative writ is properly prescribed in the act relating to proceedings on mandamus; but that does not weaken the effect of the statute relating to contempts, which renders punishable disobedience of any lawful order. *Page 301 
The fine imposed in this case, as modified by the General Term, consists only of the costs and expenses of the proceedings for contempt. The appellants complain that in addition to the costs an allowance of $100 was made as a fair compensation to the relator's attorneys in the proceedings. For this compensation the relators were liable to their attorneys, and though not embraced within the term costs, we think the court had power to allow it as an expense.
The order of the General Term should be affirmed, with costs.
All concur, except DANFORTH, J., taking no part.
Order affirmed.