DIDYMUS THOMAS, Respondent, *v.* THE UTICA AND BLACK RIVER RAILROAD COMPANY, Appellant.

Plaintiff's complaint contained two causes of action, one to recover damages alleged to have been caused by an embankment erected by defendant upon its land, which turned the waters of a stream and caused them to flow over plaintiff's premises; the other to recover damages for an alleged breach of duty on the part of defendant in neglecting and refusing to erect and maintain a farm crossing. On demurrer, *held,* that the two causes of action were improperly united, as the first was "for injuries to real property," while the second arose "upon contract"; it being for the breach of an implied contract to perform a statutory duty; that the fact that such contract affects real estate does not change the nature of the obligation so as to make the cause of action one relating to real property within the meaning of the Code of Civil Procedure (§ 484).

(Argued October 13, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1881, which affirmed a judgment entered upon an order overruling a demurrer to plaintiff's complaint herein.

The substance of the complaint and the grounds of demurrer are stated in the opinion.

*A. M. Beardsley* for appellant. Although the distinction of actions by defining them as *ex delicto* and *ex contractu* is

not in terms adopted by the Code, under it causes of action of the two characters cannot be joined in the same complaint unless they arise out of the same transaction, or transactions connected with the same subject of action. (*Keep* v. *Kaufman*, 56 N. Y. 330–3; *Wiles* v. *Suydam*, 64 id. 173; *Flynn* v. *Bailey*, 50 Barb. 73.) The courts do not favor the submission at the same time of many issues to a jury. (*Sweet* v. *Ingerson*, 12 How. Pr. 331.) The action to secure compensation for failure to perform is one on an implied promise, that is, contract. (*Wiles* v. *Suydam*, 64 N. Y. 173, 176; *Keep* v. *Kaufman*, 56 id. 332, 333; *Inhabitants of Booth* v. *Freeport*, 5 Mass. 326, marg. p.; *Watson* v. *Cambridge*, 15 id. 286; *Bank of Columbia* v. *Patterson*, 7 Cranch, 306; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30, 85, 86.)

*A. Coburn* for respondent. The second cause of action is for injuries to real property, and is properly joined with the cause of action stated in the first count. (Code of Civ. Pro., § 484, subd. 4.) Any and every diminution, by the willful or negligent act or omission of another, of the value of the land or of its free use and enjoyment, is an injury to real property and subjects the wrong-doer to an action in tort for damages. (*Bell* v. *R'y Co.*, 10 C. B. N. S. [100 Eng. C. L.] 307; *Embler* v. *Myers*, 6 Hurlst. & Norm. 54, 56; 1 Addison on Torts, 13, 14, 17–18; 1 Hilliard on Torts, 1 and note; *Wetmore* v. *Porter*, 92 N. Y. 77.) The statute imposed upon the company the absolute duty to provide a crossing for the use of the plaintiff, who owns the land on both sides of its road. (Laws of 1850, chap. 233, § 44; *Wademan* v. *A. & S. R. R. Co.*, 51 N. Y. 570; 1 Addison on Torts, 13–14, 17; Moak's Underhill on Torts, 18, Rule 5; *Rich* v. *R. R. Co.*, 87 N. Y. 382, 390; *Wiley* v. *Mulledy*, 78 id. 310, 313, 314.) The demurrer was properly overruled, and the judgment and orders appealed from should be affirmed, with costs; and no leave to withdraw the demurrer and answer over should be given. (*Fisher* v. *Gould*, 9 Weekly Dig. 44; *Whiting* v. *Mayor, etc.*, 37 N. Y. 600; *Bank* v. *McFeely*, 3 Hun, 701.) The judgment appealed

from should be affirmed, or if reversed, the plaintiff should be allowed to amend or to divide this action into two actions without or with costs to abide the event of the action. (*Grout v. Cooper*, 5 Hun, 423, 424–5.)

Miller, J. This case arises upon a demurrer to the plaintiff's complaint on the ground that it contains two causes of action which are improperly united. The first cause of action alleges, in substance, that the defendant erected and wrongfully and unlawfully maintains a heavy wall on the easterly side of a stream flowing southwardly through the village of Remsen for the protection of its road-bed, by means whereof the stream, in time of high water, is turned into and through the dwelling-house and grounds of the plaintiff on the west bank of the stream, whereby the property was damaged. The second cause of action sets forth that the plaintiff is the owner and possessor of a wood and timber lot in the town of Remsen, containing some forty-four acres; that the defendant's road crosses this diagonally, dividing it into two parcels; and that plaintiff can only reach one of them, or pass from one parcel to the other by crossing the railroad track or by going a long distance around and crossing lands owned and occupied by other persons. It then avers the statutory duty of the defendant to erect and maintain fences with openings, or gate or bars, and farm crossings for the use of the owners of lands adjoining the railroad, and its neglect and refusal, upon request, to do so, for plaintiff's use, and leaving no passage or farm crossing, etc., to the damage and injury of the plaintiff. The only question to be determined is, whether the two causes of action, set forth in the complaint, can be properly united in the same action under the provisions contained in section 484 of the Code of Civil Procedure. This section provides that the plaintiff may unite in the same complaint two or more causes of action, in the several cases which are enumerated, and among others " for injuries to real property." (Code of Civ. Pro., § 484, subd. 4.) It is very manifest that the first cause of action, in the complaint herein, is to recover damages,

within the meaning of subdivision 4 above cited, " for injuries to real property."

A more difficult question arises as to the second cause of action. The complaint, as amended, after a portion of the same had been stricken out by an order of the court, claims to recover damages sustained by reason of a failure of defendant to perform its statutory duty. The gist of the action is this failure of the defendant to perform a duty enjoined upon it by law, in consequence of which the plaintiff has sustained injuries for which he is entitled to recover damages. This second cause of action arises upon an implied contract or obligation of the defendant to perform a duty required. The duty is imposed by statute and an implied promise of performance arises by reason thereof. In *N. Y. & N. H. R. R. Co.* v. *Schuyler* (34 N. Y. 85) it is laid down by DAVIS, J., that " all duties imposed upon a corporation by law raise an implied promise of performance." (See, also, *Inhabitants of Booth* v. *Freeport*, 5 Mass. 326.) The duty imposed upon the corporation here was to make and maintain fences and provide farm crossings for the plaintiff, and an implied obligation or promise was thus created which the defendant was bound to fulfill, and for a failure to perform, an action for damages would lie. Such action clearly related to a violation of the contract by the defendant, and the fact that such contract affected the real estate did not change the nature of the obligation so as to make the cause of action one relating to real estate and not to the implied promise or contract.

The plaintiff, in the second cause of action, did not claim damages for any injury to the land, but merely for the inconvenience arising from his being compelled to cross the lands of other parties or to go a long ways around the land or to cross the railroad track. These inconveniences constitute the basis of the claim for injuries sustained by the plaintiff, and as set forth had no relation to any injury sustained to the land itself. An injury to the real property does not consist in a failure to perform a duty which relates to the use of the same in a convenient and proper manner, but it must be a trespass, tort, or some act which takes away from or reduces the value of such

property.   A failure to perform a duty can scarcely be regarded as taking away any value from the property as it existed.   It merely leaves such property in the same condition as it was previously.   Its condition was not changed by any such neglect on the part of the defendant, from what it was before such neglect occurred.   Its value was the same after the failure to perform as it was before, and hence no injury was inflicted thereby.   The performance of this duty might add to the value of the real property, but a failure to perform would not lessen or impair its value.

The position of the respondent's counsel, that any obstruction to the use of real property diminishes its value, and hence the failure to perform the duty imposed was an injury to the real estate, is without force.   If the failure to perform the duty was an obstruction, such obstruction existed before the failure occurred, and hence it cannot be claimed that such failure affected the land itself.   Nor can it be said that the failure of the defendant to provide farm crossings constituted a breach of duty coupled with injury which made up a tort.   The neglect of the defendant, of itself, was not tortious and did not directly affect the land.   It was merely a failure to perform its contract and not an act of a tortious character.

The second cause of action in the plaintiff's complaint, we think, comes within the provisions of the first subdivision of section 484 of the Code as to contracts, express or implied.

No claim is made by the respondent's counsel that the second cause of action is within the meaning of the ninth subdivision of section 484, in reference to claims arising out of the same transaction, etc.   There would seem to be no ground for claiming that both the plaintiff's causes of action arose out of the same transaction or were connected with the same subject of action.

The court erred in overruling the demurrer, and the judgment should be reversed, with leave to the plaintiff to amend his complaint upon payment of costs.

All concur.

Judgment reversed.