JANE L. W. COMPTON, APPELLANT, *v.* HENRY HUGHES, RESPONDENT, IMPLEADED WITH OTHERS.

*Improper joinder of causes of action — a decree settling the accounts of an executor cannot be disputed by a party in interest in a collateral action.*

This action was brought by the plaintiff, as one of the two residuary devisees of one Josephine O. B. Webster, deceased, against the executors and trustees of the latter, the other residuary legatee (who refused to join as plaintiff), and a person who was alleged to be indebted to the estate by virtue of a lease given to him by the deceased before her death. The complaint alleged that the executors and trustees had, by a failure to exercise due care and diligence, failed to collect all the rent falling due upon the lease, but had collected only a portion thereof; that their accounts, showing the receipt of a portion of the rent, had been filed and passed by the surrogate; that the plaintiff had employed a competent attorney to file objections thereto, but that the attorney never filed the objections, or if he filed them withdrew them without her consent, and that the plaintiff did not know that the executors had failed to account for all the

rent, until after the accounting had been had and the decree had been entered. That the plaintiff had requested the executors and trustees to bring an action to recover the rent unpaid, but that they had refused to do so. Judgment was asked against the defendants severally for the recovery of the amount of the rent which had not been paid to the executors.

*Held,* that there was an improper joinder of causes of action, one against the executors and trustees for negligence, and one against the lessee upon contract. That the complaint failed to state a cause of action as the rent received had been accounted for, and the decree, so long as it stood unreversed, settled that fact.

APPEAL from an interlocutory judgment, entered upon an order sustaining a demurrer interposed to the complaint.

The demurrer was interposed by the defendant Hughes to the complaint in this action upon the ground: (1.) That several causes of action have been improperly united. (2.) That the complaint does not state facts sufficient to constitute a cause of action against the defendant Hughes.

The complaint alleged that the plaintiff was a beneficiary under the will of one Josephine O. B. Webster, and that the defendants McGuire and Webster are testamentary trustees under said will. That prior to the death of the said Josephine O. B. Webster she leased the property No. 20 Bowery, in the city of New York, of which she was seized in fee simple, for a term of years to the defendant Hughes, ending on the 1st day of May, 1879, for the sum of $4,800 a year. That during the years 1877, 1878 and 1879, the defendant Hughes only paid a part of the said rent to the trustees hereinbefore mentioned, and on the 1st day of May, 1879, when the said lease expired, he was in arrears $1,860, as and for rent of said premises.

That on or about the 6th day of July, 1883, the said defendants McGuire and Webster, as executors and trustees aforesaid, took proceedings in the Surrogate's Court of the county of New York for a judicial settlement of their accounts, as such executors and trustees under the said will of the said Josephine O. B. Webster; that in their said accounts filed in said proceedings, they did not account for all the rent that should have been received under the said lease.

That, as the plaintiff is informed and believes, the said defendants McGuire and Webster, executors and trustees aforesaid, did not use due care and diligence in regard to reducing said rents to

their possession, but so carelessly and negligently conducted themselves in that behalf, that the same were not collected as in duty bound, and thereby placed in great jeopardy if not wholly lost.

The plaintiff further alleged "that she retained a competent attorney to file objections and conduct said accounting of said executors and trustees in said proceeding in the said Surrogate's Court for settlement thereof, and for no other purpose, but said objections were never filed, and if filed, were withdrawn by said attorney, as she is informed and believes, without her knowledge and consent, and contrary to her wishes, and she further says, that at the time of the filing of said account by the said executors and trustees, nor at any time thereafter, before the making of said alleged decree of settlement of said accounts, did she know or have any knowledge of the fact that so much of said rents as are referred to in this action and for which the same is brought, had not been collected and accounted for, but on the contrary thereof she has discovered the same since the making of said decree and alleged settlement of said accounts."

The plaintiff further alleged "that before the commencement of this action, she requested in writing the said defendants McGuire and Webster, executors and trustees aforesaid, through the United States mail, prepaying the postage thereon, to collect the said rent so in arrears, or commence an action against the said Hughes therefor; but they neglected so to do, as she is informed and believes."

Judgment was demanded against the defendants severally for the rent claimed to be unpaid.

*M. Compton*, for the appellant.

*J. R. Flanders*, for the respondent.

BARNARD, P. J.:

The demurrer was properly sustained. The defendant Hughes hired from one Josephine O. B. Webster certain premises in New York at $4,800 per year, and executed to her a covenant to pay that sum. Mrs. Webster died while Hughes was occupying under the lease, and there was rent due. By Mrs. Webster's will the rents of these premises, during the life of her husband, after paying certain fixed charges thereon, was given to the plaintiff and the defendant Pinto, who is made a defendant because she will not join as a

plaintiff. The complaint is therefore in legal effect, brought by the two residuary devisees of the rents, and it avers that the tenant Hughes has not paid his rent. That the executors and trustees have been guilty of neglect in respect to the collection thereof, and refused to sue therefor, and that they have filed their accounts for settlement, and that the plaintiff had employed a competent attorney to file objections thereto and conduct the accounting, and that this attorney either never filed her objections, or withdrew them after they had been filed without the knowledge or consent of the plaintiff, and that the plaintiff did not know until after the accounting and decree thereon that all the rent had not been accounted for by the executors. The complaint concludes with a prayer that the defendants may severally be adjudged to pay these rents.

No cause of action whatever is shown against the defendant Webster and the defendant McGuire, but they do not object. The defendant Hughes has no interest in the question of the neglect of the executors to possess themselves of the rent and that is the only fact upon which their liability depends. If both of the causes of action were on contract, one would be such that it would not effect all the parties, and this defect could be reached by demurrer. (*Nichols* v. *Drew*, 94 N. Y., 22.)

But one of the causes of action is for negligence upon the part of the trustees and executors which is to be classed as a cause of action upon a tort, and as such could not be joined in an action for rent. (*Thomas* v. *Utica and Black River Railroad*, 97 N. Y., 245.)

Again the complaint fails to show a cause of action because the rent received has been accounted for. The decree settles the fact so long as it stands. (*Adair* v. *Brimmer*, 95 N. Y., 35.) If it does not truly represent the facts proven there should be an appeal or a motion to open and correct the decree.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order sustaining demurrer to complaint and judgment thereon affirmed, with costs.