JOHN C. LEGGETT, RESPONDENT, *v.* THE ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY, APPELLANT.

*Failure of a railroad company to erect and maintain fences along its road—it is liable for all damages naturally resulting from its omission so to do.*

The defendant, a railroad company, acquired a right of way over and across the plaintiff's farm. One of the fields lying on the side of the defendant's road, consisting of about thirteen acres, was used as a pasture. For a period of nine weeks from May 1, 1884, the defendant neglected and omitted to erect or maintain suitable fences of the height and strength of a division fence, as required by law, along the sides of its railroad across the lands of the plaintiff, in consequence of which omission the plaintiff was deprived of the use of his pasture lands for the said nine weeks, by reason whereof he sustained damages to the amount of seventy-two dollars.

*Held*, that he was entitled to recover the damages so sustained, from the defendant.

That the duty of erecting and maintaining fences on the sides of their road, imposed by the general railroad act, was an imperative one, and that the defendant was liable for all damages naturally resulting from its omission to comply therewith.

That the liability of the company was not limited to damages resulting from the killing or injuring of cattle, horses or other animals by the engines or agents of the company.

*Knight* v. *New York, Lake Erie and Western Railroad Company* (99 N. Y., 25) distinguished.

APPEAL from a judgment, entered upon a verdict in the plaintiff's favor at the Orleans Circuit for the sum of seventy-three dollars damages and costs, and from an order denying the defendant's motion for a new trial, founded on the judge's minutes.

The defendant is a corporation organized under the general railroad act. The line of its road is located over the plaintiff's farm, through which it acquired the right of way for its road-bed of the customary width. One of the plaintiff's fields, consisting of thirteen acres, and used as a pasture, lies on the south-westerly side of the defendant's lands and adjacent thereto.

It was admitted upon the trial that for a period of nine weeks from the 1st day of May, 1884, the defendant neglected and omitted to erect or maintain suitable fences of the height and strength of a division fence, as required by law, along the sides of its railroad, across the land of the plaintiff, and that in consequence of the omission the plaintiff was deprived of the use of his said pasture lands for the said nine weeks. The plaintiff gave evidence tending to prove that his damages, resulting from the loss of the use of his pasture field, was seventy-two dollars. The defendant gave no evidence on the question of damages, and the case states that it waived the right to go to the jury on that question, and thereupon the court directed a verdict, to the jury, for the sum of seventy-two dollars.

At the close of the evidence, the defendant requested the court to direct a verdict in its favor, for the reason: First. That the plaintiff has failed to make out a cause of action against the defendant. Second. That the statutory obligation imposed on the defendant to erect and maintain fences of the height and strength

of a division fence, required by law, does not give the adjacent land-owner a right of action to recover damages of the nature and character of those claimed by the plaintiff, arising from an omission to erect and maintain a fence, and that the damages, which may be recovered under the provisions of the statute, are limited by the terms of the statute to injury and loss of stock entering upon the lands of the railroad company by reason of such defective fence, which shall be done by the agents or engines of the defendant, while operating the railroad. Third. That the plaintiff had a remedy by *mandamus*, or by action, to compel the railroad company to build a fence. The motion was denied, and the defendant excepted.

*Edmund B. Wynn*, for the appellant.

*Joel L. Walker*, for the respondent.

BARKER, J. :

The plaintiff's demand for indemnity for the injury he has sustained by reason of the defendant's neglect to erect a fence on the side of its road for the distance which it passes over his pasture field, is based upon the statute which imposes that duty upon the company. At common law, adjacent landowners were not required to construct division fences for the convenience of each other and the protection of their crops growing thereon. The statute requiring railroad companies to erect and maintain fences on the division line between its land and that of the adjacent owner, provides that " every corporation formed under this act, shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with openings or gates or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad, and also construct and maintain cattle-guards at all road crossings, suitable and sufficient to prevent cattle and animals from getting on the railroad. Until such fences and cattle-guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses or other animals thereon ; and after such fences and guards shall be duly made and maintained, the corporation shall not be liable for any such damages unless negligently or wilfully done."

The obligation thus created is positive and unqualified and continues so long as the road is operated. The duty to erect fences of the height and strength mentioned, applies to the entire line of the road passing through agricultural districts and does not depend upon the nature of the occupancy or the character of the use made of the land by the adjacent owner. The defendant does not contend against this construction of the statute, and admits that the duty to construct fences is imperative on the company. It is upon this view of the statute that the obligation is made imperative, that the courts have held that a railroad corporation may be compelled, by decree in an equity action or by a *mandamus,* to erect a fence along the sides of its road and construct necessary and convenient farm crossings. (*Jones* v. *Seligman et al.,* 81 N. Y., 191; *Wademan* v. *A. and S. R. Co.,* 51 id., 568; *The People ex rel. Garbutt* v. *R. and S. L. R.,* 14 Hun, 371; S. C., 76 N. Y., 294.)

The defendant places its defense upon the single legal proposition that the statute has limited the landowner's right of action for damages against a railroad corporation, arising from its neglect to erect and maintain a fence, to a class of cases where the damages are caused by killing or injuring cattle, horses or other animals by the engines or agents of the company. In this contention I do not concur, and am of the opinion that the adjacent landowner may recover in a common law action all the damages which he may have sustained by reason of the neglect of duty imposed upon the corporation by the statute.

In this case the omission imputed to the defendant is the failure to build a fence. The loss claimed to be sustained by the plaintiff is the diminished value of the use of the pasture field for the period the fence remained unconstructed. If it is made to appear, in view of all the facts of the case, that the damages sustained are the natural consequences of the omission, then a perfect right of action was made out and the judgment should be sustained.

One of the objects of this statute, requiring the corporation to erect a fence, is the protection of the public, for whose use, as a means of travel and transportation of goods, the company was permitted to construct the road, as the safety of their lives and property requires that all animals should be kept from the tracks traversed by its engines and cars. But I think that the legislature

had also another object and purpose in view, and that was to enable adjacent landowners to use and occupy their lands in the same manner and as advantageously as they could if the road had not been constructed. Without a fence sufficient to turn domestic animals, it is obvious that pasture lands adjacent to a railroad land would have less rental value. It is the general custom in this country for farmers to allow their cattle to roam in the pasture field day and night during the season of pasturage and to go unattended by a herdsman.

The danger of cattle being killed or injured by passing trains is not the only reason why the rental value of lands would be diminished, without a fence sufficient to keep them off the tracks, but the chance and probability of their roaming away and becoming strays on the premises of others would be very great. If such an occurrence should happen that the cattle should be trespassers upon the lands of others, the owner of the cattle could not resist the claim of the injured party for damages, on the ground that the railroad company had not constructed a fence on the sides of its road, as required by statute. The words of the statute, " until such fences and cattle-guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses or other animals thereon," were not inserted, as I think, for the purpose of limiting the liability of a railroad corporation to the particular cases enumerated, but were so inserted so as to embrace that very class of cases, and bring them within the limit of its liability to adjacent landowners, in case of injury to their cattle, should they happen, in the manner indicated, to be injured by reason of the omission to erect fences.

By the rules of the common law, when a duty is imposed by law upon one person to do an act for the benefit and advantage of another, the omission to perform the obligation gives a right of action to the party intended to be protected and benefited by the act, if any damages result to him from a non-performance of the obligation. (*Clark* v. *Brown*, 18 Wend., 213.)

The legislature has declared some of the consequences which result to the railroad corporation by an omission on its part to comply with the requirements of the act, but not all of them. The question, as now presented, has not been heretofore passed upon by the

courts in this State, but it would seem as if the intention of the legislature to give the adjacent landowner the benefit and protection which a fence of the height and strength required by statute secures to him, is clear and certain. The statute contains no negative words limiting its liability to the cases enumerated, and the words used should not receive the limited meaning contended for by the defendant.

The case of *Knight* v. *The New York, Lake Erie and Western Railroad Company* (99 N. Y., 25) is not in point. In that case the plaintiff's horse, which was injured while upon the tracks of the defendant's road, by running upon an unplanked bridge, did not enter upon the lands of the company through an opening in the fence adjacent to the lands of the plaintiff, and it was held that, under the circumstances of that case, the defendant was guilty of no breach of duty which it owed the plaintiff, and that he was not entitled to recover the damages sustained by the loss of his horse. In commenting upon the case the court remarked : " The fence, through the opening in which the plaintiff's colt escaped upon the railroad track, was not a division fence between the premises of the plaintiff and the railroad company, which were adjacent to each other, and the company incurred no liability to the plaintiff by reason of the omission to maintain the fence except such as is imposed by statute. * * * But for that statute there could be no pretense of any liability on the part of the company for the injury to the plaintiff's colt under the circumstances of the case. It was the duty of the plaintiff by the common law to keep his colt confined by fences and the colt was a trespasser, if not the plaintiff, in driving him on the defendant's bridge." The court also said, that this act " does not impose upon them a general liability for any consequences which may result from an omission to do so (construct a fence), nor does it leave the question open what liability to third parties they shall be subjected to for such omission, for it defines, in express terms, the consequences for which they shall be liable to owners of cattle and horses getting on the track." The court did not attempt to lay down the rule of liability which a railroad company is under by the terms of the statute to adjacent landowners, arising from an omission to construct a fence ; but as to third parties, that is, those who are not adjacent landowners, whose

cattle are injured upon the railroad tracks, then the injury must be done by the agents or engines of the company.

The facts of that case fail to bring it within the principal laid down in *Corwin* v. *New York and Erie Railroad Company* (13 N. Y., 42), where it was held that a railroad corporation, which omits to comply with the statute requiring it to erect and maintain fences and cattle-guards, is liable to the owner of cattle which stray upon the track, from an adjacent close or the highway crossing, to and are injured by the engines of the company, although they were not lawfully in such close or highway, for the reason that the statute clearly requires some action on the part of the company to produce the injury either by mechanical or other agents of its own and excludes the liability for the injury which the cattle may do to themselves by straying on the track.

In *Thomas* v. *Utica and Black River Railroad Company* (97 N. Y., 245), the familiar rule was stated, that where a duty is imposed by statute an implied promise of performance arises by reason thereof, and it was held that the duty imposed upon a railroad corporation to make and maintain fences and provide farm crossings for the benefit of adjacent landowners, and for a failure to perform that duty a common law action for damages would lie.

As the defendant waived all right to go to the jury on the question of damages and asked for no instruction as to the proper rule to be applied in measuring the plaintiff's damages in this case, he cannot, on this appeal, claim that any error was committed in this respect. The only question presented is, whether the plaintiff made out a cause of action, and I think he did and the judgment should be affirmed.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.