Barker, J.
The plaintiff’s demand for indemnity for the injury he has sustained by reason of the defendant’s neglect to erect a fence on the side of its road for the distance which it passes over his pasture field, is based upon the statute whichj imposes that duty upon the company. At common law, adjacent land-owners were not required to *314 construct division fences for the convenience of each other and the protection of their crops growing thereon. The statute requiring railroad companies to erect and maintain fences on .the division line between its land and the adjacent owner, provides that “ every corporation formed under this act shall erect and maintain fences, on the sides of their road of the height and strength of a division fence required by law, with openings or gates or bars therein, and farm crossings over the road-bed for the use of the proprietors of land adjoining such railroads; and also .construct and maintain cattle guards at all road crossings, suitable and sufficient to prevent cattle and animals from getting on the railroad. Until such fences and cattle guards shall be duly made, the corporation and its agents shall be hable for ah damages which shall be done by their agents or engines to the cattle, horses or other animals thereon; and if such fences and guards shah be duly made and maintained, the corporation shah not be liable for any such damages unless neghgently or willfully done.”
The obhgation thus created is positive and unqualified and continues so long as the road is operated. The duty to erect fences of the height and strength mentioned apphes to the entire line of the road passing through agricultural districts, and does not depend upon the nature of the occupancy or the character of the use made of the land by the adjacent owner. The defendant does not contend against this construction of the statute, and admits that the duty to construct fences is imperative on the company. It is upon this view of the statute that the obligation is made imperative, that the courts have held that a railroad corporation may be compelled, by decree in an equity action or by a mandamus, to erect a fence along the sides of its road and construct necessary and convenient farm crossings. Jones v. Seligman et al., 81 N. Y., 191; Wademan v. A. and S. R. Co., 51 id., 568; The People ex rel. Garbutt v. R. and S. L. R., 14 Hun, 371; S. C., 76 N. Y., 294.
The defendant places its defense upon the single legal proposition that the statute has limited the land owner’s right of action for damages against a railroad corporation arising from its neglect to erect and maintain a fence, to a class of cases where the damages are caused by killing or injuring cattle, horses, or other animals, by the engines or agents of the company. In this contention I do not concur and am of the opinion that the adjacent land owner may recover in a common law action all the damages which _ he may have sustained by means of the neglect of duty imposed upon the corporation by the statute.
In this case, the omission imputed to the defendant is the failure to build a fence. The loss claimed to have been *315 sustained by the plaintiff is the diminished value of the use of the pasture field for the period the fence remained unconstructed. If it is made to appear, in view of all the facts of the case, that the damages sustained are the natural consequences of the omission, then a perfect right of action was made out, and the judgment should be sustained.
One of the objects of this statute requiring the corporation to erect a fence" is the protection of the public, for whose use, as a means of travel and transportation of goods, the company was permitted to construct the road, as the safety of their lives and property require that all animals should be kept from the tracks traversed by its engines and cars. But I think that the legislature had also another object and purpose in view, and that is to enable adjacent land owners to use and occupy the lands in the same manner and as advantageously as they could if the road had not been constructed. Without a fence sufficient to turn domestic animals, it is obvious that pasture lands adjacent to railroad land would have less rental value. It is the general custom in this country for farmers to allow their cattle to roam in the pasture field, day and night during the season of pasturage, and to go unattended by a herdsman. The danger of cattle being killed or injured by passing trains is not the only reason why the rental value of lands would be diminished without a fence sufficient to keep them off the tracks, but the chance and probability of their roaming away and becoming strays on the premises of others, would be very great.
If such an occurrence should happen that the cattle should be trespassers upon the lands of others, the owner of the cattle could not resist the claim of the injured party for damages,- on the ground that the railroad company had not constructed a fence on the side of its road as required by statute. The words of the statute, “Until such fences and cattle guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses, or other animals therein,” were not inserted, as I think, for the purpose of Hmiting the liability of a railroad corporation to the particular cases enumerated, but were so inserted so as to embrace that very class of cases and bring them within the limit of its liability, to adjacent land owners in case of injury to their cattle, should they happen, in the manner indicated, to be injured by reason of the omission to erect fences. By the rules of the common law, when a duty is imposed by law upon one person, to do an act for the benefit and advantage of another, the omission to perform the obligation gives a right of action to the party intended to *316 be protected and benefited by the act, if any damages result to him from a non-performance of the obligation. Clark v. Brown, 18 Wend., 213.
The legislature has declared some of the consequences which result to the railroad company by an omission on its part to comply with the requirements of the act, but not all of them. The question as now presented has not been heretofore passed upon by the courts in this state,-but it would seem as if the intention of the legislature to give the adjacent land owner the benefit and protection which a fence of the height and strength required by statute secures to him, is clear and certain. The statute contains no negative words limiting its liability to the cases enumerated, and the words used should not receive the limited meaning contended for by the defendant.
The case of Knight v. The N. Y., L. E. and W. R. R. Co. (99 N Y., 26) is not in point. In that case, the plaintiff’s horse, which was injured while upon the tracks of the defendant’s road, by running upon an unplanked bridge, did not enter upon the lands of the company through an opening in the fence adjacent to the lands of the plaintiff, and it was held that under the circumstances of that case the defendant was guilty of no breach of duty which it owed the plaintiff, and that he was not entitled to recover the damages sustained by the loss of his horse. In commenting upon the case, the court remarked: “The fence through the opening in which the plaintiff’s colt escaped upon the railroad track was not a division fence between the premises of the plaintiff and the railroad company, which were adjacent to each other, and the company incurred no liability to the plaintiff by reason of the omission to maintain the fence except such as is imposed by statute. * * * But for that statute there could be no pretense of any liability on the part of the company for the injury to the plaintiff’s colt under the circumstances of the case. It was the duty of the plaintiff by the common law to keep his colt confined by fences, and the colt was a trespasser, if not the plaintiff, in driving him on the defendant’s bridge.” The court also said: “That this act does not impose upon a railroad company a general liability for all consequences which may result from an omission to construct a fence, nor does it leave the question open of what liability to third parties they shall be subject to for such omission, for it defines in express terms the consequences for which they shall be hable to owners of cattle and horses getting on the track.”
The court did not attempt to lay down the rule of liability which a railroad company is under by the terms of the statute to adjacent land owners, arising from an omission to *317 construct a fence ; but as to third parties, that is, those who are not adjacent land owners, whose cattle are injured upon the railroad tracks, then the injury must be done by the agents or engines of the company.
The facts of that case fail to bring it within the principles laid down in Corwin v. New York and Erie Railway Company (13 N. Y., 42), where it was held that a railroad company which omits to comply with the statute requiring it to erect and maintain fences and cattle-guards, is liable to the owner of cattle which stray upon the track from an adjacent close or the highway crossing, and are injured by the engines of the company, although they were not lawfully in such close or highway, for the reason that the statute clearly requires some action on the part of the company to produce the injury, either by mechanical or other agents of its own, and excludes liability for the injury which the cattle may do to themselves by straying on the track.
In Thomas v. U. and B. R. Co. (97 N. Y., 245), the familiar rule was stated that where a duty is imposed by statute, an implied promise of performance arises by reason thereof, and it was held that the duty was imposed upon a railroad corporation to make and maintain fences and provide farm crossings for the benefit of adjacent land owners, and for a failure to perform that duty a common law action for damages would he.
As the defendant waived all right to go to the jury on the question of damages, and asked for no instruction as to the proper rule to be applied in measuring the plaintiff’s damages in this case, he cannot on this appeal, claim that any error was committed in this respect. The only question presented is, whether the plaintiff made out a cause of action,_ and I think he did, and the judgment should be affirmed.
Judgment affirmed.
Smith, P. J.; Bradley and Haight, JJ.