### Court of Appeals.

*April,* 1892.

*(Affirming* 8 *N. Y. Crim. Rep.* 308.)

### PEOPLE *v.* MEAKIM.

Excise Commissioners—Neglect of Duty—Refusal to
Determine Complaint—L. 1873, Ch. 549—Penal
Code, § 117—L. 1882, Ch. 410, § 109—Code
Civ. Proc. § 2090.

Upon a motion in arrest of judgment in a criminal action the only
objections which a defendant can take are to the jurisdiction
of the court over the subject of the indictment, and that the
facts stated do not constitute a crime (*Code Crim. Proc.* §§ 331,
467).

What is necessarily implied from a statute is as much part thereof
as if it were specially written therein.

Where public officers are clothed with jurisdiction to hear complaints and take evidence with a view to some action in which individuals or the public are interested, they are, from the nature of the case, bound to make a determination upon such complaints, and if they do not make it within a reasonable time, if there be no time provided for by statute, they violate the duty imposed upon them by law.

The removal of commissioners of excise of New York city from office, under section 109 of the Consolidation Act (L. 1882, ch. 410), does not constitute a punishment within the meaning of section 117 of the Penal Code, which provides that that section declaring the willful neglect of the performance of his duty by a public officer is a misdemeanor, shall not apply to cases of official acts or omissions, where the punishment is otherwise specially provided for by law.

Unless it is in consequence of a conviction, the removal of a public officer is not a punishment for crime.

A determination made in a civil proceeding to remove a public officer for neglect or malfeasance in office is not in any proper sense a conviction of such officer of a crime.

The imposition of a fine which a court has, under section 2090 of the Code of Civil Procedure, power to impose besides damages and costs, upon awarding a peremptory writ of mandamus where a public officer has without just excuse failed or refused to perform a duty imposed by statute, payment of which fine will bar an action for a penalty, is not a punishment within the provisions of section 117 of the Penal Code.

The recovery of a penalty in a civil action does not bar a criminal prosecution provided by law for the same offense.

Appeal by defendants, Alexander Meakim, Joseph Koch and Edward T. Fitzpatrick, from an order of the general term of the supreme court, in the first department (8 *N. Y. Crim. Rep.* 308), which reversed an order of the court of oyer and terminer of New York county arresting judgment on a verdict of a jury against defendants of willful neglect to perform their duty as excise commissioners of New York city.

The defendants were indicted under section 117 of the Penal Code, which provides as follows: " A public officer, or person holding a public trust or employment,

upon whom any duty is enjoined by law, who willfully neglects to perform the duty, is guilty of a misdemeanor. This and the preceding section do not apply to cases of official acts or omissions, the prevention or punishment of which is otherwise specially provided by statute." The indictment alleges that on the 29th day of March, 1889, at the city of New York, a license, in due form of law, to sell strong and spirituous liquors, ale, wine and beer, to be drank on the premises there situate, was duly granted and issued to Henry Ahrens by the board of excise of the city and county of New York, which license was in full force and effect for one year thereafter; that on the 6th day of January, 1890, the defendants were commissioners of excise for the city and county of New York; that at that date one Welling, a resident of the city, duly made a complaint, in writing, to the defendants, as such commissioners, that Ahrens carried on the business of selling intoxicating liquors on election day, November 5, 1889, within one fourth of a mile of the polling-place, in violation of law; that on the 13th day of January thereafter, the defendants, as such commissioners, summoned Ahrens before them; that, in pursuance of such summons, he appeared before them on the 18th day of February; that on that day there was a hearing and inquiry upon and into the allegations and charges, and evidence was taken and the case finally submitted for their action and decision; that it was their duty to act upon and decide the complaint and the questions arising thereon within a reasonable time; that, nevertheless, they, as such commissioners, unlawfully, willfully neglected and omitted to perform their duty and act upon and decide the complaint and the questions arising thereon within a reasonable time; but, on the contrary, for an unreasonable time thereafter and until the finding of the indictment, unreasonably and designedly failed and intentionally omitted to decide the complaint and the questions arising there-

upon, by reason whereof the license granted to Ahrens expired pending and without such action, determination and decision, against the form of the statute in such case made and provided.

The defendants were arraigned upon the indictment and interposed a plea of former acquittal of the crime charged against them. Upon the issues formed by this plea the case was brought to trial, and under the direction of the court the jury found in favor of the people. Thereupon the defendants made a motion in arrest of judgment upon the verdict. That motion was granted, and from the order granting the same the people appealed to the general term, and from the reversal there defendants appealed to this court.

*George F. Danforth* and *A. J. Dittenhoefer*, for defendants, appellants.

*De Lancey Nicoll*, district attorney; *Henry B. B. Stapler*, assistant, for the people, respondents.

EARL, C.J.—Upon a motion in arrest of judgment the only objections which a defendant can take are to the jurisdiction of the court over the subject of the indictment, and that the facts stated do not constitute a crime (*Code of Crim. Pro.* §§ 331, 467; People v. Buddenseick, 103 *N. Y.* 487, 5 *N. Y. Crim. Rep.* 69). It cannot be questioned that the court had jurisdiction of the subject of the indictment, and, therefore, the only question which needs our attention is whether the facts alleged constitute a crime.

It is provided in section 8 of chapter 549 of the Laws of 1873, which amends prior acts, as follows: "The board of excise of any city, town or village may, at any time, and upon complaint of any resident of said city, town or village shall, summon before them any person or persons licensed as aforesaid; and if they

shall become satisfied that any such person or persons has or have violated any of the provisions of this act, or of the acts hereby amended, they shall revoke, cancel and annul the license of such person or persons, which they are hereby empowered to do, and, where necessary, to enter upon the premises and take possession of and cancel such license. Upon an inquiry the said board, or the party complained of, may summon and the said board may compel the attendance of witnesses before them and examine them under oath."

The indictment against the defendants was for unlawfully neglecting to perform their duty upon the complaint made to them under this section. The alleged violation of the excise law by Ahrens was on November 5, 1889. The complaint to the defendants was made on the 8th of January, 1890. The hearing upon the complaint was on the 18th day of February, 1890, when the case was finally submitted to them. It was then clearly their duty to decide the matter thus submitted. It is not expressly provided in the statute that they shall proceed and make a determination of the matter within any particular time; and, indeed, there is no express provision that they shall make any determination whatever, but that they shall is necessarily implied in the statute, and what is necessarily implied is just as much a part of the statute as if it were specially written therein. They were bound to receive the complaint, and entertain it, and to summon the person licensed. They had authority to summon witnesses and hear evidence, and if they became satisfied of a violation of the law by the person summoned, then they were bound to revoke, cancel and annul his license. If they could, after entertaining the complaint and hearing the evidence, entirely omit to make any decision, they could always frustrate the law with impunity. Where public officers are clothed with jurisdiction to hear complaints and take evidence with a view to some action in which individuals

or the public are interested, they are, from the nature of the case, bound to make a determination, and if they do not make it they violate the duty imposed upon them by law.

Here the case was finally submitted to the commissioners more than a year before the indictment was found, and they made no determination thereon, permitting Ahrens's license to expire by its own limitation. That it is a public duty imposed by the statute upon commissioners of excise in such a case to make a determination and a decision, was expressly decided by us in People ex rel. Welling v. Meakim 123 N. Y. 660, affirming the same case reported in 56 Hun, 626.

The learned counsel for the defendants contend that they were not liable to indictment under section 117 of the Penal Code, by reason of the provisions therein contained that that and the preceding section " do not apply to cases of official acts and omissions, the prevention or punishment of which is otherwise specially provided for by statute ;" and he claims that the prevention or punishment of the alleged offense of the defendants is otherwise provided for. We will notice separately the grounds upon which he bases this claim.

In section 109 of the New York Consolidation Act (Laws of 1882, ch. 410) it is provided that "the commissioners of excise shall be removed for any neglect or malfeasance in office in the same manner as provided by law for the removal of sheriffs." His argument is that the removal provided for by this section is a punishment, and that therefore the neglect of official duty charged to the defendants can be thus punished. The question is whether the removal of the commissioners of excise under that provision is a punishment within the meaning of section 117 of the Penal Code; and we are clearly of the opinion that it is not. It is true that it is provided in section 3 of the Penal Code that a crime is an act or omission prohibited by law, and punishable

upon conviction by death, or imprisonment, or fine or "removal from office," etc. But these are punishments imposed only after a conviction for a crime, and there are a number of cases specified in the Penal Code where removal from office follows a conviction of a public officer for a crime (sections 42, 45, 53, 54, 72, 707 and 708). Section 707 contains a general provision that a sentence to a state prison for any term less than life forfeits all the public offices held by the person sentenced. It is provided in section 1 of article 6 of the Constitution that a public officer impeached shall be removed from office, but it is further provided that the party impeached is still liable to indictment and punishment according to law, thus showing a distinction between a mere removal from office and a punishment for an offense on account of which the removal was made. The simple removal of an officer from office is not a punishment for crime unless it is a removal in consequence of a conviction for a crime. It cannot be said that a determination made in a civil proceeding to remove a public officer for neglect or malfeasance in office is in any proper sense a conviction of such officer of a crime. Nor can it be said that the provision for removal from office contained in section 109 is a provision in any proper sense for the punishment of the officer removed. His removal simply deprives him of the office which he is unworthy to hold, and he may be removed and thereafter punished for any malfeasance or criminal violation of the law committed while in office. It would be against the policy of our laws, as shown by numerous acts of the legislature, that a public officer guilty of a misdemeanor in office should suffer only by removal from his office, and a legislative intent requiring such a result should be found expressed in very clear and precise language.

But a further claim is made, under the same clause of section 117, that other provision for the punishment of these defendants for the crime charged against them

is found in section 2090 of the Code of Civil Procedure, in which it is provided that, "Where a final order awards a peremptory mandamus directed to a public officer, board or other party, commanding him or them to perform a public duty, enjoined upon him or them by special provision of law, if it appears to the court that the officer, or one or more members of the board or body, have, without just excuse, refused or neglected to perform the duties so enjoined, the court, besides awarding to the relator his damages and costs, as prescribed in this article, may, in the same order, impose a fine, not exceeding $250, upon the officer, or upon each member of the board, who has so refused or neglected. The fine, when collected, must be paid into the treasury of the state; and the payment thereof bars any action for a penalty incurred by the person so fined, by reason of his refusal or neglect to perform the duties so enjoined." It will be observed that special provision is made as to the effect of the imposition and payment of the fine, to wit: That it shall bar any other action for a penalty— not any other punishment for crime, nor any indictment for the crime. Under that section there is no conviction of a crime, and probably there could not be without violating the constitutional rights of a public officer. It is exclusively a civil procedure, a civil remedy for a refusal or neglect to perform a public duty imposed upon a public officer. He cannot be imprisoned or sentenced under that section, and none of the consequences follow from the imposition of a fine there imposed which may follow a conviction for a crime. But, even if the fine imposed under that section could be regarded as a punishment for a crime, the proceeding under that section is not exclusive. The fine is only imposed as incidental to the civil remedy; and if it be assumed that a mandamus could have been obtained against these defendants on behalf of the people to compel them to

make a determination upon the complaint made to them, and that they could have been fined in that proceeding, and that, if such a proceeding had been instituted, and they had been fined and had paid the fine, those proceedings could have been set up as a bar to this indictment, it is a sufficient answer to say that no such proceeding was instituted, and that, therefore, these defendants can base no defense to this indictment upon that section.

Still further, the prevention or punishment contemplated in section 117 must be "otherwise specially provided by statute." Some force must be given to the word "specially." It is not enough that the prevention or punishment is in some other way provided by statute, but it must be "specially" provided.

The provision contained in section 2090 for the imposition of a fine is general and not special. It is as general as section 117. What undoubtedly is meant by this clause in section 117 is where the prevention or punishment is specially provided for a particular case. If there had been any particular provision for the prevention or punishment of the particular offense charged against these defendants in the indictment, then section 117 would not have been applicable.

It is provided in section 14 of the Penal Code that "a person convicted of a crime declared to be a felony, for which no other punishment is specially prescribed by this Code or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment for not more than seven years, or by a fine of not more than one thousand dollars, or by both," and in section 15 it is provided that "a person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this Code, or by any other statutory provision in force at the time of the conviction and sentence, is punishable

by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than five hundred dollars, or by both."

To take a case out of these general provisions it is needful to find some provision of law specially prescribing the punishment for the particular crime under consideration.

But there is a still broader view to be taken of the point which we are now considering, which ought not to be overlooked. The sections of the Penal Code and of the Code of Civil Procedure referred to, do not provide for alternative punishments. A public officer, offending by a neglect to discharge his public duties, may be proceeded against and punished under both sections without violating his constitutional rights by putting him twice in jeopardy for the same offense.

The mandamus proceeding is purely a civil remedy, and the fine therein imposed is, at most, the imposition of a penalty, and so it is spoken of in the case of People *ex rel.* Garbutt *v.* Rochester, etc., R. R. Co. (76 *N. Y.* 294), and it is well settled that the law may provide for the recovery in a civil action of a penalty and for a criminal proceeding by indictment against the party for the same offense.

In People *v.* Stevens (13 *Wend.* 341) it was held that where a statute creating an offense imposes a specific penalty, and also declares that the offense shall be a misdemeanor, punishable by a fine and imprisonment, the offender is subject to indictment in like manner as he would have been had the offense been a misdemeanor at common law. SUTHERLAND, J., writing the opinion, said : "It is undoubtedly competent for the legislature to subject any particular offence both to a penalty and a criminal prosecution. It is not punishing the same offense twice. They are but parts of one punishment. They both constitute the punishment which the law in-

flicts upon the offense. That they are enforced in different modes of proceeding, and at different times, does not affect the principle. It might as well be contended that a man was punished twice when he was both fined and imprisoned, which he may be in most misdemeanors." In Blatchley v. Moser (15 Wend. 215) that case was approved, and it was there held that an indictment for selling spirituous liquors without license as a tavern-keeper is no bar to an action for the penalty given by the statute in such cases. In Lawyer v. Smith (1 Denio, 207) the action was on the statute (1 R. S. 696, § 1), giving treble damages to the party injured against one who negligently sets fire to his own goods, and it was held that the action was penal in its nature, and as to two thirds of the recovery that it was wholly penal. The same statute made the act for which treble damages could be recovered a misdemeanor, punishable by fine and imprisonment, and yet it was not doubted that the penalty could be recovered and the guilty party also punished for a misdemeanor. There is a class of actions in which punitive damages may be recovered by a plaintiff for the purpose of punishing the defendant, and the punishment of a defendant by a civil action in that way has never been held a bar to an indictment where the acts complained of were also, either at common law or by statute, a misdemeanor (Chiles v. Drake [2 Met.] Ky. 146). By section 8 of the Code of Civil Procedure, a court of record has power to punish, for a criminal contempt, a person guilty of certain acts mentioned, and by section 143 of the Penal Code the same acts are declared to be misdemeanors, and are made punishable as such. These provisions have been embodied in our law for a long time (2 R. S. 207, 208); and it has never been supposed that a punishment under either law was a bar to a proceeding under the other (Bishop on Crim. Law, § 1067). Indeed, it is provided

in section 13 of the Code of Civil Procedure, as it was also provided in the Revised Statutes, that punishment for a contempt in a civil proceeding " does not bar an indictment for the same offense, but that when a person who has been so punished is convicted on such an indictment, the court, in sentencing him, must take into consideration the previous punishment."

It is a general rule that the recovery of punitive damages, or a penalty in a civil action, or the imposition of a fine in a civil proceeding, does not bar a criminal punishment of the person for the same act (*Bishop on Crim. Law, supra*).

We have not exhausted the discussion on this interesting point. We have, however, gone far enough to show that the remedy provided in section 2090 is no bar to an indictment under section 117 of the Penal Code, and nothing in conflict with this was decided in People *ex rel.* Garbutt *v*. Rochester, etc. R. R. Co. (*supra*). There Judge RAPALLO said : " This power of the court granting a mandamus to fine for past neglect was intended to obviate the necessity of a criminal prosecution under the statute which constitutes such a neglect a misdemeanor, and to enable the court awarding the mandamus to dispose of the whole matter in one proceeding." He did not say that the power of the court granting the mandamus to fine for past neglect stood in the way of a criminal prosecution. It is quite true that generally in a mandamus proceeding a sufficient punishment could be imposed; and whatever punishment by way of fine might there be imposed would be taken into account by any court in measuring its punishment upon a conviction of the same person for a misdemeanor under section 117. Ordinarily, the punishment inflicted in the mandamus proceedings would end the whole matter, and that is what Judge RAPALLO had in mind.

Our conclusion, therefore, is that the objections to

the order appealed from are untenable, and that it should be affirmed.

All concur, except MAYNARD, J., not voting.

Order affirmed.

NOTE.—This was finally disposed at oyer and terminer, as appears below.