Hamilton Ward, J.
The defendant Thomas Grawunder demurs to the indictment filed against him by the Grand Jury of the County of Erie pursuant to section 322 of the Code of Criminal Procedure.
Heretofore and on the 2d day of March, 1956, the defendant entered a plea of not guilty upon arraignment. Thereafter leave was granted to the defendant to withdraw such plea and demur to the indictment. The defendant availed himself of *128 such leave and filed a demurrer to the indictment as provided for by section 324 of the Code of Criminal Procedure, and a hearing was had upon such demurrer in accordance with section 325 of the Code of Criminal Procedure.
The grounds of the demurrer are those set forth in subdivisions 2 and 4 of section 323 of the Code of Criminal Procedure.
The indictment charges that the defendant violated section 1857 of the Penal Law in that he “ on the 9th day of February, 1956, at the City of Buffalo, in this County, being then and there a public officer, to wit: a member of the City of Buffalo Police Department of the grade and designation of patrolman, wilfully and unlawfully omitted to perform his official duty as such police officer; more particularly, that he, the said Thomas Grawunder, did not present to the City Court of Buffalo all the evidence available within his knowledge in the case of The People against Alfred Williams, and did not present the attendance as witnesses of Richard W. Mulligan and Frank P. Heilig, members of the Buffalo Police Department who assisted the said Thomas Grawunder in the arrest of the said Alfred Williams, and did not make available to the said City Court of Buffalo the chemical analysis of the body fluids of the said Alfred Williams, nor inform the said Court of the existence of the said chemical analysis, and he did not fully state the facts in the case within his own observation, in violation of Rule 291 of Rules and Regulations for the Government of the Department of Police, City of Buffalo in force and effect by virtue of Section 224 of the Ordinances of the City of Buffalo.”
It will be noticed that inadvertently section 224 referred to in the indictment is referred to as being part of the ordinances of the City of Buffalo whereas such section 224 is a part of the Charter of the City of Buffalo (Local Law No. 4, 1927 [published in Local Laws, 1932, p. 21]). Upon the argument of this motion, defendant’s counsel pointed out this error to the court. Such inadvertency can properly be corrected by an amendment to the indictment as now allowed by section 293 of the Code of Criminal Procedure. The defendant cannot successfully plead surprise upon the trial and, therefore, is not prejudiced by describing section 224 as being part of the ordinances of the City of Buffalo instead of properly referring to section 224 as being part of the Charter of the City of Buffalo.
I find that the indictment is sufficient as to form (Code Crim. Pro., §§ 295-a, 295-b, 295-c). It sets forth the title of the action, specifying the name of the court to which the indictment is presented and the names of the parties. It contains a statement of the specified crime with which the defendant is charged (Code *129 Crim. Pro., § 295-b). It also contains a brief description of the crime as well as a reference to the statute defining the crime (Code Crim. Pro., § 295-c).
Some question arises in my mind as to whether the indictment should not allege a violation of section 1841 of the Penal Law rather than section 1857 of the Penal Law, as it seems to me that the former section defines the crime while the latter section describes the punishment under certain circumstances. However, the indictment is otherwise sufficient as far as form is concerned and meets all the essential requirements of sections 295-b and 295-c of the Code of Criminal Procedure.
The real question presented here is whether the facts stated in the indictment constitute a crime. That question turns on whether a willful omission to perform a duty described by rule 291 of the Rules and Regulations for the Government of the Department of Police of the City of Buffalo in force and effect on February 9,1956, and by virtue of section 224 of the Charter of the City of Buffalo is a willful omission to perform a duty enjoined by law so as to render the offender guilty of a misdemeanor as defined by section 1857 of the Penal Law.
Section 224 of the Charter of the City of Buffalo reads as follows: “ Government and discipline. The commissioner of police shall be charged with the power and duty of governing and disciplining the department and the members of the police force and all subordinates and employees of the department, and to that end may, from time to time, make and enforce orders, rules and regulations not inconsistent with this act or any general law, which orders, rules or regulations shall have the same force and effect as if herein specially enacted. Existing rules and regulations shall continue until changed.”
Section 291 of the Rules and Regulations for the Government of the Department of Police, City of Buffalo, reads as follows: “ 291. When, under the direction of the court, they are called upon to give evidence or make any deposition, in response to questions asked they will state in a clear and distinct voice, truly, all they know respecting the matter inquired of, without fear or reservation and without any desire, or design to influence the result.”
I find that section 224 of the Charter of the City of Buffalo and rule 291 of the Rules and Regulations for the Government of the Department of Police, City of Buffalo, read together, constitute the legal mandate referred to by section 1857 of the Penal Law. A willful violation thereof constitutes the crime described by section 1857 of the Penal Law.
*130 Defendant raises the further ground on this demurrer that this section of the Penal Law does not apply to cases of official acts or omission, the prevention or punishment of which is otherwise specially provided by statute and for that further reason, the indictment fails to state acts constituting a crime. In support of such contention, defendant argues that since the Charter of the City of Buffalo specially provides for punishment of its police officers for breach of departmental rules and regulations, the State, by virtue of section 1857 of the Penal Law, is divested of authority to indict and punish for the same breach.
The contrary has been affirmatively established in People v. Meakim (133 N. Y. 214); People v. Glennon (175 N. Y. 45), and People v. Herlihy (66 App. Div. 534). Upon the authority of these cases, I hold there is no merit to this contention by the defendant.
The judgment of this court is that the demurrer is disallowed and that an order accordingly be entered upon the minutes of this court at Special Term, Part I thereof, and that defendant present himself for arraignment immediately following service upon him or his attorney of a copy of the judgment in accordance with this decision.