### The People *vs.* James Harriden.

On the trial of an indictment for incest, charged to have been committed by a father with his daughter, the declarations of the defendant are competent evidence upon the question of consanguinity.

The statute in such case is only applicable to cases in which the sexual intercourse is by mutual consent. Where it is accomplished by force it is punishable only as rape.

This was an indictment for incest with a daughter of the defendant, founded upon the statute 2 *R. S.* 688, § 12, which provides that "Persons being within the degrees of consanguinity within which marriages are declared by law to be

The People *v.* Harriden.

incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall, upon conviction, be punished by imprisonment in a state prison for a term not exceeding ten years." The alleged daughter testified that she was 18 years of age, that the defendant and her mother had from the earliest recollection of the witness lived and cohabited together as husband and wife; that they had ten children; and that the defendant had always recognized the witness as his daughter; and she had recognized him as her father. She further testified that the defendant had sexual intercourse with her at several different times; and her testimony tended to prove that the connections were without her consent, and forcible on the part of the defendant. An elder sister testified that the defendant and her mother had lived together as husband and wife as long as she could recollect, and that the defendant had called the principal witness his child. Similar declarations of the defendant were proved by other witnesses. All the testimony, in regard to the relationship, was received under objection to its competency.

*George T. Spencer,* for the defendant presented two points. 1st. That it was not proved the defendant was the father of the witness who was alleged to be his daughter; that evidence of a marriage in fact between the defendant and the mother, as in case of an indictment for bigamy, was necessary in order to establish the relationship. 2d. That if any offence was proved, it was not incest but rape.

*R. L. Brundage* (Dist. Att'y), and
*Wm. Irvine,* for the people.

The court decided that the acts and declarations of the defendant were competent evidence upon the question whether the defendant was the father of the witness, with whom it was alleged the offence was committed, but that it belonged to the jury to judge as to the weight due to the evidence; and that they must be satisfied by it the defendant was her father, or

they would not be warranted in finding him guilty.   See 2 *R. S.* 139, *orig.* § 3, declaring marriages between such relations as are therein named incestuous and absolutely void, and that the section " shall extend to *illegitimate* as well as legitimate children and relations," also *Regina* v. *St. Giles in the Fields*, 11 *Adolphus & Ellis, N. S.* 173, 191, 203, 244; 2 *Kent's Com. 4th ed.* 214.   But if proof of marriage between the defendant and his reputed wife was necessary, whether under our law allowing marriage to be contracted by a present agreement between parties without any formal ceremony the rule which has prevailed in prosecution for bigamy, and a few other cases, requiring direct evidence of the marriage ought to be extended or longer adhered to.   (*See Clayton* v. *Wardell, 4 Comstock,* 230 *and opinions there given.*) (*a*)

In respect to the other point raised, the court decided that the statute, upon which the indictment was founded, applied only to cases where the connection was by mutual consent; and that if the connections between the defendant and his daughter were accomplished by force used by the defendant, to such an extent as to render him guilty of rape, the charge of incest was not sustained.   That the offence of rape was of a higher nature, for the punishment of which ample provision had been made; and that the statute in relation to the punishment of the incest was designed to embrace only cases of sexual intercourse between relations within the degrees referred to in it, not coming within the statute in respect to the crime of rape.

The jury rendered a verdict of guilty.

(*a*) See The People *v.* Gahagan, *infra.*