(120 App. Div. 364)

PEOPLE v. BLOCK.

(Supreme Court,´Appellate Division, First Department.    June 28, 1907.)

1. INCEST—EVIDENCE—SUFFICIENCY.
    Where, on a trial for incest, the evidence showed that the prosecu-
    trix, a sister of accused, did not consent to the intercourse, but it was
    not proved that she was under 18 years of age, and the weight of the
    evidence was the other way, a conviction for incest was proper as
    against the objection that the crime was rape.

2. CRIMINAL LAW—APPEAL—QUESTIONS REVIEWABLE.·
    Where a trial for incest was conducted on the theory that the prose-
    cutrix was an accomplice, and the court charged, without objection, that it
    was necessary that the female's testimony should be corroborated, ac-
    cused could not, on appeal, urge that the offense proved was rape.

3. INCEST—EVIDENCE—ADMISSIBILITY.
    Where, on a trial for incest, accused testified in his own behalf, and
    denied on cross-examination that he had made a confession to his father
    of indecent relations with prosecutrix prior to the act relied on for a
    conviction, the prosecution could prove the confession, not to test ac-
    cused's credibility, but to prove the issue.

Appeal from Court of General Sessions, New York County.

Max Block was convicted of incest, and he appeals.    Affirmed. ·

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE,
HOUGHTON, and LAMBERT, JJ.

Samuel Wechsler, for appellant.

Alexander A. Mayper, for respondent.

LAMBERT, J.   The defendant was convicted in the Court of Gen-
eral Sessions of the crime of incest, and has been sentenced to state
prison for a term of 10 years.   It is hardly necessary to go into the
disgusting details of the trial.   The evidence fully supports the judg-
ment, and, if none of the substantial rights of the defendant were
violated upon the trial, the verdict of the jury ought not to be disturbed.

Defendant's counsel makes an ingenious argument on this appeal, to
the effect that the crime proved upon the trial constituted rape, rather
than incest, and cites authorities to establish that the lesser crime was
merged in the greater.   While the evidence showed that the defendant
had committed acts of sexual intercourse with his sister for a period
of several months, the particular act constituting the crime is alleged
to have occurred on the 7th day of November, 1906, and there is some
evidence in the case·to the effect that the complainant, the defendant's
sister, did not consent to such act, and the defendant urges that, if
any offense was committed, it was that of rape.   But the evidence is
not such as to justify that contention; it not being proven that the
·complainant was under 18 years of age.   The weight of the evidence
is the other way.   But beyond this the court charged, without objec-
tion on the part of the defendant, and the trial was conducted upon
the theory, that the complainant was an accomplice of the defendant
in the crime, and that it was necessary that her testimony should find
corroboration in the evidence produced by the prosecution.   If the
crime was rape, requiring her resistance, she could not be an accom-
plice.   People v. Powell, 4 N. Y. Cr. R. 585; People v. Vedder, 98

N. Y. 639. It was only upon the theory that the crime committed was that of incest that the complainant could be regarded as an accomplice, for she would then be liable to conviction equally with the defendant. Section 302, Pen. Code. Upon the theory on which the case went to the jury there was sufficient corroborative evidence, and the defendant is hardly in a position to urge the point upon this appeal.

The suggestion that the court erred in the admission of evidence is without force. The defendant took the stand in his own behalf. On his cross-examination he was asked if he had confessed to his father certain indecent relations with his sister. He denied having made such confession. The district attorney then called the father, and, over the defendant's objection, permitted evidence of such confession. The relations covered by this confession were those which had occur-- red during the three months that the complainant concededly lived with the defendant in a single room, and during which time she had testified they were indulging their passions almost nightly, leading up to the night on which the particular act is alleged to have occurred, and it can hardly be said to have constituted a collateral issue in a prosecution of this character. It is competent in cases of this kind to show the relations of the parties; and, the defendant having taken the stand in his own interests, it was proper on cross-examination to ask him about this alleged confession, not for the purpose of testing his credibility, but to arrive at the truth at the issue being tried, and the prosecution could not be deprived of the benefit of its competent evidence because it had the effect of contradicting his denials. 1 Greenleaf on Evidence, § 462, note 1; People v. Ware, 29 Hun, 473, 475; People v. De Garmo, 179 N. Y. 130, 134, 135, 71 N. E. 736.

There is no merit to the exception raised to the other questions asked of the defendant in his cross-examination, and the judgment and order appealed from should be affirmed. All concur.