THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v* EUGENE STOVALI, Defendant.

County Court, Kings County, November 17, 1939.

*William F. X. Geoghan, District Attorney [Harry Davey of* counsel], for the plaintiff.

*Ella Bernard,* for the defendant.

FITZGERALD, J.   The defendant has been arraigned upon an information charging him with being a second offender.

On July 6, 1939, the defendant pleaded guilty to the crime and felony of robbery in the second degree, armed.   The information recites that he had previously, and on January 25, 1938, been convicted in the State of Pennsylvania of the crime of aggravated assault and battery by an automobile.   The defendant admits that he is the person so convicted, but asserts that the crime of which he was convicted would not be a felony if committed within this State.

Section 1941 of the Penal Law, so far as applicable, is as follows: " A person, who, after having been once or twice convicted within this State, of a felony, or an attempt to commit a felony, or, under

the laws of any other State, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second or third offense as follows."

The indictment in Pennsylvania, under which defendant was convicted, charges that he made an assault upon certain individuals, and " did beat, wound and ill treat, and other wrongs to the said " persons " then and there did, to the great damage of said " persons: " contrary to the form of the Act of the General Assembly," etc.

And it is further charged that the defendant " afterwards, to wit: on the same day * * * on the said " persons, " did make another assault, and then and there unlawfully and maliciously did inflict grievous bodily harm upon the said " persons.

Among the indorsements upon the back of the indictment are

" 1. Assault and Battery

" 2. Aggravated Assault and Battery Auto Case."

Upon arraignment defendant pleaded not guilty, was tried, convicted and sentenced.

The People rely on the conviction on the second count of aggravated assault. It is conceded that it is a fair inference that the assault was committed by use of an automobile.

The district attorney in his memorandum states that " apparently the Pennsylvania Statutes do not provide for assault involving the use of an automobile, but place all assaults in either one of the following categories (except assaults with intent to ravish, maim, murder, kill or rob, and assaults with firearms or explosives or poisoning) to wit:

## " VIII. ASSAULT AND BATTERY.

" Section 7684. Penalty for Assault and Battery. Any person who shall be convicted of an assault and battery, or of an assault, shall be sentenced to pay a fine not exceeding one thousand dollars, and undergo an imprisonment not exceeding one year, or both, or either, at the discretion of the court. (1860, March 31; P. L. 382, Section 97.)

" Section 7685. Aggravated Assault and Battery. If any person shall unlawfully and maliciously inflict upon another person, either with or without any weapon or instrument, any grievous bodily harm, or unlawfully cut, stab or wound any other person, every such person shall be guilty of a misdemeanor, and being convicted thereof, shall be sentenced to pay a fine not exceeding one thousand dollars, and to an imprisonment, either at labor, by separate or solitary confinement, or to simple imprisonment, not

exceeding three years. (1860, March 31; P. L. 382, Section 98.) " (Pa. St. [1920] §§ 7684, 7685.)

It is urged that the crime of aggravated assault under the Pennsylvania statute is the equivalent of the crime of assault in the second degree as defined in subdivision 3 of section 242 of the Penal Law.

That provision of the statute is as follows: " A person who, under circumstances not amounting to the crime specified in section two hundred and forty.    *    *    *

" 3. Wilfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon    *    *    *

" Is guilty of assault in the second degree."

The mere characterization of a crime does not determine in what category it belongs. It is the acts done, or omitted to be done, which classify crimes either as felonies or as misdemeanors.

Subdivision 2 of section 244 of the Penal Law provides that a person who " operates or drives or directs or knowingly and wilfully permits any one subject to his commands to operate or drive any vehicle of any kind in a culpably negligent manner, whereby another suffers bodily injury

" Is guilty of assault in the third degree."

In 1936 sections 1053-a and 1053-b were added to the Penal Law. Section 1053-a provides that " a person who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a human being is killed, is guilty of criminal negligence in the operation of a vehicle resulting in death," and section 1053-b fixes the punishment for a person " convicted of the crime defined by section ten hundred and fifty-three-a."

Causing death by culpable negligence in operating an automobile is no longer manslaughter. Causing injuries in the same manner, which do not result in death, has been assault in the third degree since 1921.

The People urge that the character of the crime is determined by the extent of injuries. The court does not agree with that conclusion. It may be that there may be circumstances under which causing death while operating an automobile may be manslaughter or even murder, or that causing injuries, not resulting in death, while operating an automobile, may be assault either of the first or second degree.

The circumstances which would constitute such crimes must be clearly specified and unquestioned. They may not be the result of speculation.

The statute defining second offenders is highly penal, yet it must not be strictly construed.

Section 21 of the Penal Law reads: " The rule that a penal statute is to be strictly construed does not apply to this chapter or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law."

A crime committed in another jurisdiction, claimed to be felonious if committed within this State, must be such that a recital of the acts done must conclusively establish their felonious character under our laws. Such is not the case here. It is conceded that the assault in Philadelphia, the basis of the information, was with an automobile.

In my opinion, applying the rule enunciated in section 21, *supra*, construing the second offender statute (Penal Law, § 1941) according to the fair import of its terms, justice will be promoted and the true object of the law will be effected by holding that the information does not set forth a prior conviction of a crime, which, if committed within this State, would be a felony.

Information dismissed.