EDWARD J. KUECHLE, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Appeal from an order dismissing the complaint under rule 107, subdivision 6, of the Rules of Civil Practice, on the ground that the cause of action set forth in the complaint did not accrue within the time limited by law for the commencement of the action. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

JULIA LUTZ, Respondent, v. TOWN OF SMITHTOWN, Appellant.— In an action to recover damages for personal injuries alleged to have been sustained when plaintiff fell on a defective crosswalk, order denying defendant's motion to dismiss the complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

LENA MEINER and LEO MEINER, Appellants, v. THE CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained in a fall upon an icy sidewalk, and for loss of services, judgment dismissing the complaint on the ground of failure to comply with the statute in giving notice to officers of the municipality unanimously affirmed, with costs. A claimant is not relieved from failure to comply with the statute requiring notice because he has been examined as to the details of his claim. The decision in *Giovanniello* v. *City of New York* (163 Misc. 868) seems not to have been approved in *Lewis* v. *City of New York* (278 N. Y. 517), although cited on that appeal, and this court likewise does not approve it. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL DE ANGELIS, Appellant.— Appeal by defendant from a judgment of the County Court of Queens County convicting him of the crime of incest. Judgment unanimously affirmed. Although the record discloses that the complainant's testimony was corroborated, it is not necessary to decide whether a complainant above the age of legal consent must be corroborated in order to sustain a conviction. The complainant here was under the age of legal consent and, therefore, was incapable in law of being an accomplice to the crime. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON W. MAXWELL, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of violating section 1140 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.