THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES
JONES, Defendant.

County Court, Queens County, January 15, 1942.

*Charles P. Sullivan, District Attorney [David L. Dugan* of counsel],
for the plaintiff.

*Raymond Keran O'Brien,* for the defendant.

COLDEN, J.   The defendant has been indicted for the crime of
incest.   The complainants are two of the daughters of the defend-
ant, and they are fourteen years and fifteen years of age,
respectively.   The defendant brings this motion for an inspection
of the minutes of the grand jury which returned this indictment,
or, in the alternative, for an order dismissing the indictment.
The motion is based upon two grounds: *First*, that the complain-
ants are accomplices and hence their testimony must be cor-
roborated, and, *second*, that where the crime charged is incest, and
the complainant is a party to the incest, the testimony of such
complainant must be corroborated, irrespective of the rule govern-
ing the testimony of the accomplices.

As to the first ground, our Appellate Division in the recent
case of *People* v. *De Angelis* (262 App. Div. 970), which involved
the crime of incest, said: " The complainant here was under the
age of legal consent and, therefore, was incapable in law of being
an accomplice to the crime."   In the present case the daughters
of the defendant are under the age of consent and under the decision
cited are not accomplices.

As to the second ground urged, that is, that the testimony of
the prosecutrix must be corroborated, no uniform rule has been
adopted by various jurisdictions in our country.   Wigmore on
Evidence ([3d ed.] § 2061) says: " At common law, the testimony
of the prosecutrix or injured person, in the trial of all *offenses
against the chastity of women,* was alone sufficient evidence to sup-

port a conviction; neither a second witness nor corroborating circumstances were necessary: Nevertheless, in many jurisdictions, a statute, based plausibly on the laudable purpose of protecting against false accusations, has introduced a rule requiring corroboration. This rule is made applicable, in some jurisdictions, to rape only; in others, to seduction under promise of marriage; in others, to bastardy; in others, to abortion; and in others, to two or more such offenses having in common the feature that an alleged injured woman is likely to be the principal witness."

In our State corroboration is required by statute in cases involving rape (Penal Law, § 2013), seduction (Id. § 2177), adultery (Id. § 103), abduction (Id. § 71), compulsory prostitution of a wife (Id. § 1091), compulsory marriage (Id. § 1455), and compulsory prostitution (Id. § 2460).

But as to incest, our statutes are silent in so far as corroboration is concerned. It may well be that if the prosecutrix were over the age of consent and had been a willing participant in the crime charged, that then corroboration would be required, not because of the sexual nature of the crime but on the theory that she was a criminal accomplice. However, that question is not involved here. In each count charged in this indictment the prosecutrix is under the age of consent and in the absence of statutory provision to the contrary, the common-law rules of evidence will apply. No corroboration is required in the present case.

The motion is, in all respects, denied. Submit order.