THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC FISHBACK, Relator, against THOMAS SMYTH, as Special Deputy Clerk of the County Court, Queens County, Defendant.

Supreme Court, Special Term, Queens County, February 8, 1949.

*Sydney Rosenthal* for relator.

*Charles P. Sullivan, District Attorney* (*Henry Schober* of counsel), for defendant.

COLDEN, J. This is a writ of habeas corpus to obtain the release from commitment of Dr. Isaac Fishback, who is being

held for trial in the County Court of Queens County, on an indictment charging him with the crime of conspiracy on two counts.

One indictment charged said defendant with manslaughter, in causing the death of one Theresa Scheiner, by performing upon her the illegal operation of abortion. The second indictment charged him with the commission of the crimes of abortion, conspiracy to commit abortion, and conspiracy to conceal from the public authorities the performance of such abortive operation. The two indictments were consolidated for the purposes of trial. The defendant was acquitted by the jury of the counts charging him with manslaughter and abortion; he was found guilty of the two conspiracy counts. He appealed from the judgment convicting him on the two conspiracy counts. The Appellate Division expressly affirmed "The findings of fact implicit in the verdict of the jury" but reversed on the law, and granted a new trial (*People* v. *Fishback,* 273 App. Div. 914).

He now contends that a retrial of the conspiracy counts to commit an abortion and to conceal such fact from the proper authorities, would constitute double jeopardy, the jury having acquitted him of committing the crime of abortion itself. He also urges that such acquittal is *res judicata* as to the facts embraced in the indictment and contained in the record of the trial.

This court is of the opinion that there is no merit to the foregoing contentions. First of all, the defendant himself appealed his conviction of the two conspiracy counts, and while he obtained a reversal thereof for errors of law, the appellate court expressly affirmed the findings of fact implicit in the jury's verdict. Secondly, each count in an indictment must be regarded as if it were a separate indictment, consistency of the verdict being unnecessary (*Dunn* v. *United States,* 284 U. S. 390, 393). Thirdly conspiracy "constitutes an independent crime, distinct from the felony contemplated, and complete in itself. * * * the fact that the indictment alleges overt acts constituting a felony, or that the evidence upon a trial discloses that the conspiracy was executed by the commission of a felony, should not prevent a conviction for the crime of conspiracy" (*People* v. *Tavormina,* 257 N. Y. 84, 92), and lastly, as to the count charging the defendant with conspiracy to conceal from the public authorities the performance of the abortive operation, it necessarily involves acts which occurred subsequent to the alleged crime of abortion.

It follows that the relator's petition must be dismissed. Settle order on notice.