THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ETHAN JOHN WILSON, Defendant.

County Court, Nassau County, December 1, 1954.

*Kenneth Vought* for defendant.

*Frank A. Gulotta, District Attorney,* for plaintiff.

LENT, J. The defendant was indicted for rape, first degree (2 counts), assault, second degree, and incest.

The prosecutrix is his half sister, age thirty-six.

Upon the trial of the indictment, this court dismissed the first count of the indictment charging rape by force, and the jury found the defendant guilty of the remaining count of rape under subdivision 3 of section 2010 of the Penal Law, assault, third degree, and incest.

The defendant now moves for an order arresting the judgment of conviction and setting aside the verdict of guilt as to the rape and incest on the ground that it was contrary to law and against the weight of the evidence. No effort is made to disturb the verdict of guilt of the simple assault.

The defendant contends that the jury, by finding him guilty of simple assault only, negatived any intent on his part to commit a rape. He also contends that the crime of incest could not arise from the rapacious act, upon which the jury based its finding, the essence of such crime being an act of intercourse arising from the mutual consent of relatives within the prescribed line of consanguinity set forth in section 1110 of the Penal Law.

Since it is well established that where the defendant has conceded the court's jurisdiction by proceeding to trial, judgment after conviction may be arrested only for defects in the indictment (Code Crim. Pro., §§ 331, 467; *People* v. *Jackson,* 191 N. Y. 293; *People* v. *Meakim,* 133 N. Y. 214; *People* v. *Thompson.*

41 N. Y. 1), the motion will be treated as an application for a new trial pursuant to subdivisions 5 and 6 of section 465 of the Code of Criminal Procedure.

There was ample evidence to support the jury's finding that the defendant was guilty of first degree rape. The prosecutrix testified to a state of facts from which the jury, if it believed her, could find beyond a reasonable doubt that her resistance was prevented by fear of immediate and great bodily harm which she had reasonable ground to believe would be inflicted on her (Penal Law, § 2010, subd. 3).

The evidence presented by the People showed that on the day in question a series of events took place in the bedroom of the prosecutrix, starting with a physical assault upon her which did not involve any attempt or apparent intent to have intercourse with her. After a lapse of time during which the prosecutrix and the defendant were engaged in what the prosecutrix testified was an effort upon her part to reason with the defendant in order to prevent further injury to her person and to reconcile their differences, an act of intercourse took place.

Since the first event was accompanied by a threat to kill the prosecutrix under conditions which portrayed the defendant as " frothing at the mouth " and " raving like a madman ", the jury could well have decided, and undoubtedly did decide, that while the defendant during this first stage or phase of the events lacked any intention to commit a rape, such actions nonetheless instilled in the prosecutrix a reasonable fear of immediate and great bodily harm which she continuously harbored until and during the time of the defendant's successful efforts to engage her in sexual intercourse. In short, in the state of the evidence produced upon the trial, there was no inconsistency in the verdicts of first degree rape and simple assault as distinguished from felonious assault. Whether this be so or not, however, is immaterial since consistency of the verdict is unnecessary in this State (*People* v. *Sciascia,* 268 App. Div. 14, affd. 294 N. Y. 927; *Dunn* v. *United States,* 284 U. S. 390; *People ex rel. Fishback* v. *Smyth,* 194 Misc. 596, affd. *sub nom. People ex rel. Kaufman* v. *Smyth,* 275 App. Div. 1053), each count of the indictment being considered as a separate indictment and a conviction thereunder standing or falling solely on the evidence offered in connection therewith.

On the count alleging incest, the jury was instructed, in substance, that the gravamen of the offense was an act of intercourse with a relative within the prescribed line of consanguinity. The jury was further instructed that if rape was to be the basis for

a finding of incest, corroboration of the testimony of the prosecutrix was necessary and that if mutual consent to an act of sexual intercourse was to be the basis for such a finding, there would also have to be corroborative evidence tending to connect the defendant with the commission of the crime, since under such circumstances the half sister would be an accomplice. While there was no exception to the charge and it is not directly challenged, or is it even the subject of comment by the defendant on this motion, its accuracy is nonetheless involved in the defendant's contention that the jury's verdict is contrary to law because an incestuous act presupposes mutual consent.

The defendant's contention finds more than casual support in reported cases. In *People* v. *Harriden* (1 Parker Cr. Rep. 344), the court decided that a predecessor statute similar in general content and language to the one under which this defendant was indicted for incest, applied only to cases where the connection was by mutual consent and that if the connections with defendant's daughter were accomplished by force, the charge of incest was not sustained, and such act would be punishable solely as rape.

The contention that where the crime proved was also rape, defendant could not be charged with incest, was raised at a later date (*People* v. *Block*, 120 App. Div. 364). While the court held that the evidence did not sustain the charge of rape, there is implicit in the court's decision at least a tacit acquiescence in the contention for it held that the point could not be raised for the first time on appeal, the case having been tried and submitted to the jury upon the theory of incest.

There are, however, more recent and authoritative rulings which appear *arguendo* to be at variance with this rule.

In *People* v. *Gibson* (301 N. Y. 244), it was urged that since the statute prohibiting incest (Penal Law, § 1110) provides that when persons within the specified degrees of consanguinity commit adultery or fornication with each other, *each of them* (emphasis supplied) is punishable, a conviction could not be had upon the uncorroborated testimony of the defendant's fifteen-year-old daughter because she was an accomplice as a matter of law. The Court of Appeals held that despite the language contained in the italicized portion of the statute, a female under the age of legal consent cannot as a matter of law be held to be an accomplice even if her participation in the incestuous relationship was wholly voluntary because she is unable under the law to consent to sexual intercourse, incestuous or otherwise. (To the same effect see *People* v. *De Angelis*, 262

App. Div. 970, affd. 288 N. Y. 630, and *People* v. *Jones,* 177 Misc. 922.)

It is important to note that the Court of Appeals emphasized that the reason for holding defendant's daughter not to be an accomplice did not rest upon the fact that she could not be indicted for the crime but rather upon the ground that she was incapable of consent. Here we have a clear determination that a statutory rape may be the basis for a conviction of incest but that such conviction may be had as to the male participant only despite the statutory language rendering each punishable.

Let us analyze the implications of this holding in the light of the situation presented by this case. The theory of the law creating a statutory rape is that any act of intercourse with a female under the age limit, however accomplished, is without her consent and against her will. In other words, it is declared rape to have intercourse with a female under eighteen years of age whether such intercourse be voluntary on her part or not (*Colly* v. *Thomas,* 99 Misc. 158; Penal Law, § 2010). The law " offers resistance for them. It deals with the case as rape, not as a mere statutory offense " (*People* v. *Gibson,* 232 N. Y. 458, 461).

For this court to perpetuate the holding in *People* v. *Harriden* (*supra*), requires the formulation of a ruling that the cases recognizing statutory rape as a predicate for an incest conviction are a mere exception to the principle there enunciated. It would seem that if the Court of Appeals intended a mere exception it would have said so. Instead, the effect of its ruling is quite to the contrary of *People* v. *Harriden* (1 Parker Cr. Rep. 344, *supra*), in that not only did it recognize the validity of an incest conviction where mutual consent to intercourse was lacking but it parted absolutely with the principle that a conviction for incest is improper where the crime proved is also rape.

While this court may be reluctant to depart from the law laid down in prior decisions of our courts which are directly in point in favor of a later ruling which can be arrived at only by implication, we think the implications of the later decisions to be so irresistible that they become self-evident. If, therefore, there may be incest arising from proof of a statutory rape with a relative within the prescribed line of consanguinity, there may be incest arising from proof of first degree rape with such a relative. There is consent in neither. There is force, either actual or implied in law in both. The jury was, therefore, justified in returning a verdict of guilt as to both rape and incest and the charge was proper.

The motion is denied. Submit order.