Arthur D. Brennan, J.
Following relator’s conviction in Queens County Court of the crime of carrying a dangerous weapon as a felony, the District Attorney, pursuant to sections 1941-1943 of the Penal Law, filed an information accusing relator of having been previously convicted of the crime of aggravated assault and battery in the State of Pennsylvania on January 25, 1954. The relator admitted his identity as the person named in the information, but asserted that the crime of which he was convicted would not be a felony if committed within this State. After oral argument and the taking of evidence, the court determined that the crime of which he was convicted in the State of Pennsylvania would be a felony if committed in this State, and sentenced the relator as a second offender to a term of from four to eight years.
In this habeas corpus proceeding the relator is challenging the validity of that sentence upon the ground that the Pennsylvania conviction was for a crime which the Pennsylvania statute specifically classified as a misdemeanor and upon the further ground that such crime if committed in this State would not be a felony.
It appears that the indictment in Pennsylvania, under which the relator was convicted, charges that “ with force and arms ” he made an “ assault ” upon a certain person “ and then and there unlawfully and maliciously did inflict grievous bodily harm ’ ’ upon the said person. Among the indorsements upon the back of the indictment are “ aggravated Assault and Battery ’ ’.
Upon arraignment the relator pleaded not guilty, was tried, convicted and sentenced.
The indictment was based upon a statute of that State which in pertinent part defines aggravated assault and battery as follows: ‘ ‘ Whoever unlawfully and maliciously inflicts upon another person, either with or without any weapon or instrument, any grievous bodily harm * * * is guilty of a misdemeanor ”. (18 Purdon’s Penna. Stats., § 4709 [Penal Code of 1939].)
It is now established that a sentencing court may no longer look only to the foreign judgment of conviction and the indictment or information upon which it was based. The statute creating and defining the crime must now be considered and it is the statute upon which the indictment was drawn that necessarily defines and measures the crime. (People v. Olah, 300 N. Y. 96.)
*179 Here, the relator was accused in the precise words of the statute of aggravated assault. It has been held that before a conviction of aggravated assault and battery may be had, the Commonwealth must prove not only an intentional assault and battery but also malice and that the battery resulted in grievous bodily harm. (Commonwealth v. Comber, 374 Pa. 570.) It is this court’s opinion that the crime of aggravated assault under the Pennsylvania statute is the equivalent of the crime of assault in the second degree as defined in subdivision 3 of section 242 of the Penal Law of this State, which reads as follows: “A person who, under circumstances not amounting to the crime specified in section two hundred forty. * * * 3. Wilfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon * * * Is guilty of assault in the second degree.” Assault in the second degree is a felony. (People v. Katz, 290 N. Y. 361.)
The relator contends that the words ‘ unlawfully and maliciously ” do not have the same meaning as the words “ wdlfully and wrongfully” and thus there is no basis upon which to term the above-quoted statutes, “like statutes.” This contention may not be sustained. “ Unlawful ” is defined as meaning contrary to, or in defiance of the law. (91 C. J. S., Unlawful, p. 491.) Webster defines the word “ malicious ” as: “3. Law. Characterized by, or involving, malice; having, or done with, wicked or mischievous intentions or motives; wrongful and done intentionally without just cause or excuse;” and maliciously as: “In a malicious spirit or manner. Wrongful acts done with intention are in English law often said to be done maliciously.” A “ malicious act ” means a wrongful act, done intentionally, without just cause or excuse. (Lamb v. Cheney & Son, 227 N. Y. 418.)
The word “wilfully” includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness. (Wass v. Stephens, 128 N. Y. 123.) Webster defines the word “wrong ” as: “2. Law. A violation of the legal rights of another; an invasion of right to the damage of the party who suffers it” and “wrongful” as: “ 2. Not rightful, esp. in law; unlawful.” The quoted words “wilfully and wrongfully wounds or inflicts grievous bodily harm upon another ” imply the necessity of specific intent. (People v. Katz, supra.)
It clearly appears that the statutes above quoted are ‘ like statutes ” and the subject Pennsylvania ¡statute, governing the *180 elements of the indictment in that State with respect to the relator, contains all the elements and is similar to the provisions of subdivision 3 of section 242 of the Penal Law of this State.
Under section 1942 of the Penal Law of this State, the relator was a second felony offender inasmuch as the crime committed in Pennsylvania, as the same is defined in the Pennsylvania statute (aggravated assault), although a misdemeanor there, would have been a felony in this State at the date of its commission. (People ex rel. Munos v. Morhaus, 268 App. Div. 1013; People ex rel. Fellman v. Foster, 184 Misc. 213, affd. 270 App. Div. 877, affd. 296 N. Y. 954.)
Accordingly, the writ is dismissed and the relator is remanded to the custody of the Warden of Sing Sing Prison.
Submit order.