Mitchell D. Schweitzer, J.
This is an application by defendant to be resentenced as a first felony offender. The defendant pleaded guilty to the crime of an attempt to feloniously possess a narcotic drug under indictment No. 2222/56 to cover two other indictments, for which he was sentenced to State prison for a term of three to five years as a second felony offender. The prior conviction on which the second felony sentence is bottomed is a Texas conviction for the crime of burglary.
The defendant claims that the Texas conviction is not a felony under the laws of New York and hence section 1941 of the Penal Law does not apply.
The defendant pleaded guilty in Texas to an indictment charging burglary in that he “on or about the 22nd day of August, A. D. 1949, did break and enter a house then and there occupied by R. S. Navarro with the intent then and there to fraudulently take therefrom corporeal personal property ”. There are three statutes in Texas dealing with burglary: articles 1389, 1390 and 1391 of the Penal Code. Article 1391 is a special statute and has no application to any of the issues in this case.
Article 1389 reads: “ ‘ Burglary ’. The offense of burglary is committed by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft.”
Article 1390 reads: “ ‘ Burglary 5 by breaking. He is also guilty of burglary who, with intent to commit a felony or theft, by breaking, enters a house in the daytime.”
Article 1392 reads: “‘Entry’ defined. The ‘entry’ into a house includes every kind of entry but one made by the free consent of the occupant, or one authorized to give such consent; it is not necessary that there should be any actual breaking to constitute burglary, except when the entry is made in the daytime.”
Article 1394 reads: “ ‘ Breaking By ‘ breaking ’ as used in this chapter, is meant that the entry must be made with actual *296 force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting a latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose.”
The defendant claims that he committed the Texas crime in the nighttime and inasmuch as he did not either break in or break out of the premises, the crime could only be a misdemeanor if committed in this State.
The language of the Texas indictment to which the defendant pleaded guilty parallels the terminology of article 1390 except that it does not contain the language “in the daytime.” In Reyes v. State (96 Tex. Cr. Rep., 335, 336-337), in construing the predecessor statutes to articles 1389 and 1390, the court stated: “ It has been held many times by this court that an indictment which charges the entry of a house by force and breaking charges the crime of either a night-time or daytime burglary without the necessity of alleging whether it occurred in the daytime or at night, but, so far as we are aware it has never been held that a daytime burglary could be charged without alleging that the entry of the house was accomplished by a breaking.” (Italicized in the original.)
The indictment contains none of the language set forth in article 1389. Under Texas law, an indictment for burglary 1 ‘ must conform to the general requirement that whatever is necessary to be proved must be alleged; and also that there must be such certainty in the allegation as will put the accused on notice, and enable him to plead the judgment rendered in bar of subsequent prosecutions for the same offense.” (Hesley v. State, 87 Tex. Cr. Rep., 444, 447.)
We should not indulge in the illogical theory that the Texas court would charge a defendant in an indictment with more than would be required to be proved under the statute.
The defendant’s plea of guilty in Texas was an admission of the essential allegations in the indictment (People ex rel. Carr v. Martin, 286 N. Y. 27; People v. Love, 305 N. Y. 722; People v. Olah, 300 N. Y. 96; Bennett v. State, 98 Tex. Cr. Rep. 661).
Under the theory of People v. Olah (supra) the determination of the court of an out-of-State conviction requires this court to look to the statute of the sister State which created the crime. As has already been noted, the indictment parallels the language of article 1390 of the Texas Penal Code and it contains the same elements found in the crime of burglary in the third degree as *297 set forth in subdivision 1 of section 404 of the New York Penal Law. The material and operative facts which form the basis of both the indictment and the statute, article 1390, are the breaking and the entry. Significantly, the operative factors of section 1389 (the nighttime burglary statute) do not include breaking and do include the element1 ‘ at night. ’ ’
In this connection the language of the very recent Court of Appeals case, People ex rel. Gold v. Jackson (5 N Y 2d 243, 246), uses this most apposite language in construing a Florida burglary statute (Fla. Stat. Ann., § 810.01): “It cannot be assumed that relator may have been convicted of the crime which would be a misdemeanor in New York, since no such facts are alleged in the Florida information to which he pleaded guilty.”
Assuming arguendo, the defendant did commit the crime in the nighttime, it would still constitute a felony in this State even under article 1389 of the Texas Penal Code. The latter statute states in part: 11 entering a house by force, threats or fraud, at night ’ ’ and these acts would constitute a burglary in this State. Section 400 of the Penal Law defines the word “ break ”: “3. Obtaining an entrance into such a building or apartment, by any threat or artifice used for that purpose, or by collusion with any person therein.”
The motion is denied.