John" J. Walsh, J.
This is a motion by the defendant to be brought back for resentence as a second offender in lieu of his sentence by this court of 7% to 15 years as a third felony offender, upon his plea of guilty to the crimes of burglary in the third degree and grand larceny in the second degree.
On September 20, 1960 the defendant was indicted for the crimes of burglary in the third degree and grand larceny in the second degree. Upon arraignment, the District Attorney filed an information accusing the defendant of having been convicted of intent to rob, in the Common Pleas Court of Lorain County, Ohio, and of being convicted of unlawful wounding, in the Circuit Court of Appomattox County, Virginia; both crimes, which, if committed within New York State would be felonies. The defendant, on February 20, 1961 admitted that he was one and *573 the same person who had previously been convicted in the States of Ohio and Virginia.
The defendant now contends that his conviction of unlawful wounding in the State of Virginia, would be a misdemeanor in the State of New York and therefore, he should have been sentenced as a second offender . Copies of the Virginia indictment and record of conviction are before the court on this motion.
Section 18.1-6 of title 18 of the 1950 Code of Virginia defines a felony as an offense punishable by death or confinement in the penitentiary.
Section 18.1-65 reads as follows: “Shooting, stabbing, etc., with intent to maim, kill, etc. — If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be confined in the penitentiary not less than three nor more than twenty years. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall, at the discretion of the jury, be confined in the penitentiary not less than one nor more than five years or be confined in jail not exceeding twelve months, and fined not exceeding five hundred dollars.”
Subdivision 4 of section 242 of the Penal Law of the State of New York reads as follows: “ Wilfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm * * * Is guilty of assault in the second degree.”
To determine whether a crime committed in another jurisdiction would be a crime if perpetrated here, it is necessary to examine the statute on which the foreign conviction was based. It appears from reading the indictment that defendant was indicted in Virginia under the first sentence of section 18.1-65 but the record of conviction shows that the defendant plead guilty to unlawful wounding, which is the second sentence of the above statute.
People ex rel. Goldman v. Denno (9 N Y 2d 138, 140) is cited not for the reason that the facts apply to this particular case, but for the reason that the opinion sets forth certain rules by which a foreign conviction can be determined whether it is a felony or misdemeanor in this State. Judge Fuld said: “If the statute denominates a single act as a crime * * * and guilt could be established by proof of an act not a felony in New York, then, the foreign conviction may not be considered a prior felony.”
And conversely, if the defendant’s conviction could be established by proof of an act which would be a felony in New York *574 State, then, of course, his prior foreign conviction would be considered as a prior felony. (People v. Martin, 19 Misc 2d 294; People ex rel. Evans v. Denno, 13 Misc 2d 177.)
In People v. Stovali (172 Misc. 469, 472) the court said: “ A crime committed in another jurisdiction, claimed to be felonious if committed within this State, must be such that a recital of the acts done must conclusively establish their felonious character under our laws.”
As stated above, the defendant plead guilty to the second sentence of the above Virginia statute and under the .statute by which he was convicted of unlawful wounding, the word ‘ ‘ maliciously ” is not used, but there must be an intent to maim, kill, etc. This part of the statute on which the defendant was convicted is comparable to subdivision 4 of section 242 of our Penal Law, which is a felony.
In this case (People v. Washington, 278 App. Div. 967), the defendant was convicted of a felony in New York and a District Attorney’s information was filed accusing the defendant of being convicted in the State of Georgia, of the crime of ‘1 stabbing ’ ’. The trial court sentenced the defendant as a first offender and the People appealed to the Appellate Division, which reversed the lower court and remanded the defendant back to the trial court for sentencing as a second offender, claiming that the crime of stabbing in the State of Georgia was a felony in New York State.
The motion by the defendant for resentencing as a second offender is in all respects denied.