J. Irwin Shapiro, J.
A jury has found the defendant guilty of assault, second degree, with intent to rape. He is now before me for sentence and in connection therewith the District Attorney has filed a prior offense information which alleges that the defendant is now a second felony offender by reason of the fact that he was previously convicted, after trial, in the Commonwealth of Pennsylvania, of three crimes, viz., (1) aggravated assault and battery, (2) assault with intent to ravish and (3) rape (Indictment or Bill No. 59).
The defendant denies his status as a second felony offender (Penal Law, § 1941). The questions of law raised by that denial are now before me for determination upon an agreed statement of facts.[1]
Defendant’s identity as the Pennsylvania convict is conceded[2] but he contends that the prior acceptance by the same court of a plea of guilty to the crime of fornication makes it legally impossible for the crimes alleged in the information now before this court to be considered felonies if committed in New York (People v. Caracelli, 309 N. Y. 853, 854) and that therefore he is not legally a second felony offender. The fact that he was convicted, by the same court, upon his plea of guilt of the crime of fornication — based upon a single incident, involving the same woman — is claimed to obliterate the effect of the convictions of the *461 rape, and the assault with intent to commit it, as felonies, it being contended that the crimes of fornication vis-a-vis the crimes of rape and assault with intent to commit rape are mutually exclusive.
The essence of the argument is that under Pennsylvania law, adultery or fornication is consensual sexual intercourse, so that the yielding of consent was necessarily adjudicated by the court when it accepted defendant’s guilty plea on the fornication charge and entered a judgment thereon. However, neither actual nor implicit “ consent ” appears within the framework of the operative facts of record (i.e., the allegations of the Pennsylvania indictments — upon which the defendant was found guilty) and the defendant is limited to those facts (People v. Perkins, 11 N Y 2d 195, 198).
Nowhere in the record does it appear that defendant resisted trial on the crimes alleged in Bill Number 59 on the ground of his prior conviction of the fornication (also a constitutent of the rape) (Commonwealth v. Arner, 149 Pa. 35) and his failure to raise the question, seasonably, operated as a waiver of his right to immunity from any second jeopardy then or now thought to have been involved (Commonwealth v. Gibbs, 167 Pa. Super. 79; Morlan v. United States, 230 F. 2d 30, 32 [C. A., 10th]).
If the trial court in Pennsylvania committed error in finding the defendant guilty as charged on Bill Number 59, which is the conviction used by the District Attorney here as the prior felony, because his prior plea of guilty to the fornication indictment (Bill No. 60) was a bar to any further prosecution for the same incident, his remedy was to take a direct appeal from the judgment of conviction entered against him thereon. He may not in this State seek to destroy the legal effect of the conviction under that indictment by referring to the contents of another indictment. So long as the judgment of conviction under Bill Number 59 stands of record in the State of Pennsylvania and was not rendered by a court which “ lacked jurisdiction of his person or of the offense charged against him, he may not in this State question its judgment ” (People v. McCullough, 300 N. Y. 107, 110).
I am aware of the fact that in United States ex rel. La Near v. La Vallee (306 F. 2d 417) the court said that since New York provides no method for questioning the validity of an out-of-State conviction that is used as a basis for a sentence under the New York multiple offender statute, the convict is entitled to a hearing in the Federal court on the validity of the foreign conviction and a determination of whether it is a permissible basis for New York’s confining him longer than it otherwise would. *462 However, as I read the opinion in that case it is limited to those situations in which the out-of-Htate conviction is ‘ ‘ constitutionally void Said the court there (pp. 420-421): “ The alleged violation of constitutional right thus being New York’s, and New York having provided no method for questioning an out-state conviction used as basis for multiple-offender sentence, a New York prisoner challenging the validity of such a conviction on constitutional grounds may proceed directly in a Federal court.” (Emphasis supplied.)
Thus viewed, the La Near case is not in conflict with the McCullough case. In the absence of any constitutional infirmity in the Pennsylvania judgment of conviction, upon which the People here rely, the rationale of the McCullough case applies. The defendant must therefore be sentenced as a second felony offender.
Assuming, however, that the plea of guilty to the fornication indictment (Bill No. 60), upon which a judgment of conviction was duly entered, may be considered together with the judgment of conviction entered on Bill Number 59 (the assault and rape indictment), in determining the defendant’s status as a second felony offender, the same result would follow. The reason for that conclusion necessitates a recital of the pertinent facts.
By reference to certified copies of the Pennsylvania records [3] it appears that on January 4,1961 a Philadelphia County Grand Jury returned four indictments to which defendant pleaded not guilty on January 17, 1961. All accused him of unlawful acts against the same woman, committed on December 6, 1960. In pertinent substance, they charged him, respectively, with having conspired “ to commit rape to the prejudice ” of the woman in question (Bill No. 57); with having “made an indecent assault * * * by placing his hand upon her private parts ” (Bill No. 58, id.); with having “unlawfully made an assault * * * and committed a battery upon her ” [4] (Bill No. 59, first count); with having ‘ ‘ unlawfully made an assault * * * and committed a battery upon her, maliciously inflicting grievous bodily *463 harm apon her[5] (id., second count); with having “ feloniously made an assault and committed a battery * * * with the intent, forcibly and against her will, to ravish and carnally know her unlawfully” (id., third count); with having “feloniously made an assault and committed a battery upon her * * * and forcibly ravished and carnally (known) her unlawfully and against her will ’ ’ (id., fourth count); and with having committed “ fornication ” with her (Bill No. 60, id.). On January 27, 1961 defendant changed his plea to guilty under the fornication indictment, waived his right to trial by jury on the other three and, on the same day, was tried by the court and found not guilty under Bill Number 57 (conspiracy) but was adjudged guilty under Bills 58 (indecent assault) and 59 (assault and rape, 4 counts). Sentence was imposed upon the conviction under the last-mentioned bill but was suspended on the others. The array of indictments was, of course, intended “ to meet the exigencies of the proofs on the part of the commonwealth ” (Commonwealth v. Lewis, 140 Pa. 561, 564) and possibly to provide a foundation for a bastardy adjudication in the event that it should prove that the woman had conceived a child through defendant’s violation of her person. In any event, the adjudication of guilt of assault and battery with intent to ravish5 [6] and of rape[7] meet the now established test of New York felony status (People ex rel. Goldman v. Denno, 9 N Y 2d 138, 140-141). On the other hand, the Superior Court of Pennsylvania has given obiter expression to the view that ‘ ‘ the gist of adultery is voluntary sexual intercourse ” (see, e.g., Commonwealth v. Moon, 151 Pa. Super. 555, 560) and that “ it is impossible for one alone to commit adultery *464 for that requires the cooperation of two persons ” (Commonwealth v. Moon, 151 Pa. Super. 555, 567, supra). Since the only distinction between the crime of adultery and the crime of fornication is the offender’s marital status, the same would necessarily be true of fornication. But so far as research has enabled me to determine, the question whether a criminal actor may be convicted of adultery or fornication only when the woman has voluntarily consented to the sexual act, has not been directly presented to nor authoritatively determined by the courts of Pennsylvania. I conclude, therefore, that defendant’s conviction of fornication did not necessarily adjudicate it, as a fact, that the female consented to the sexual act and consequently does not, necessarily, contradict the operative facts on which the convictions of felonious assault and rape depended.
Adultery is defined by the Pennsylvania statute (Penal Code of 1939, 18 P. S., § 4505) as “ carnal connection with another person of the opposite sex, not his lawful spouse ”, upon the part of a married person. A co-operative, unmarried participant cannot be guilty of the crime (Karchner v. Mumie, 398 Pa. 13), but is open to prosecution for fornication and, in the case of the male offender, for bastardy, upon conviction whereof he is subject to a sentence that he pay the expenses incurred at the birth of a child begotten by the act and that he give security for its maintenance (18 P. S., § 4506). The statute proscribes fornication without defining it but the offense, in common acceptance, involves illicit carnal knowledge of a man with a woman (Commonwealth v. Stewart, 110 Pa. Super. 279), without elements of aggravation (Dinkey v. Commonwealth, 17 Pa. 126) such as force constituting common-law rape (Commonwealth v. Moskorison, 170 Pa. Super. 332). Fornication is held to be necessarily involved in rape and the doctrines of merger and bar are applied so as to prevent double punishment for the rape and the crimes (successive steps constituting “ ingredient ” offenses) involved in its commission. (Commonwealth v. McCusker, 363 Pa. 450.) (Cf. People v. Florio, 301 N. Y. 46, 54; People ex rel. Maurer v. Jackson, 2 N Y 2d 259, 265-269.)[8] It forms the body *465 of a number of crimes, differing in the circumstances attending their commission (Commonwealth v. Dinkey, 17 Pa. 126,129) but originally connoted sexual intercourse for hire (State v. Phillips, 26 N. D. 206, 208) and, perforce, by mutual consent. Hence, as a general rule, it involves voluntary unlawful sexual intercourse between two persons of the opposite sex (37 C. J. S., Fornication, § 1) thereby importing the consent of both (id., p. 988, § 5) and it has, accordingly, been held that either both parties must be guilty of adultery or fornication or neither can be guilty thereof (State v. Bain, 112 Ind. 335). But what is sometimes stated as a rule of universal application and is an accurate statement of the law when applied to most cases may not be applicable or correct in particular situations (Commonwealth v. Comber, 374 Pa. 570) and the great weight of authority now holds that one of the parties may be guilty although the other, for want of true concurrence in the act, may be innocent of fornication or adultery as the case may be. “ [I]t is true that to constitute adultery there must be a joint physical act, but it is not necessary that there should be a joint criminal intent. The bodies must concur in the act but the minds may not; one may be guilty and the other innocent ” (Woody v. State, 10 Okla. Cr. 322, 325 and authorities there cited).
Thus, although the woman is too drunk to consent, the man may be guilty of adultery. ‘ ‘ It is an act committed by bim * * * although she is not the criminal or conscious participant. And it is no less adultery that it is also rape” (Commonwealth v. Bakeman, 131 Mass. 577, 579).
The requirement that the intercourse be voluntary is “to be applied to the party who commits the offense, and not the one with whom or against whom it is done ” so that if the carnal connection is accomplished forcibly, against the woman’s will still, “as to defendant, it * * * constitutes the crime of adultery, and the defendant may be convicted therefor ” (State v. Chambers, 87 Iowa 1, 7), quoting and following State v. Sanders (30 Iowa 582).[9] So too, if the woman concurs through ignorance fostered by the man’s deception as to his marital state, she is without the criminal intent essential to her guilt and the man alone will be guilty of fornication and adultery (State v. Cutshall, 109 N. C. 764). The same principle has been applied to cases of incest, defined in terms of adultery or fornication *466 “ with each other ”, or “ together ”, by parties within particular degrees of relationship.
“ Adultery, as thus defined, does not require that the act shall be voluntary as to each of the parties ” (Signs v. State, 35 Okla. Cr. 340, 344). “ Where both the circumstances of force and consanguinity are present * * * it is not less incest because the element of rape is added, and it is not less rape because perpetrated upon a relative ” (People v. Stratton, 141 Cal. 604, 608-609). “ In our judgment the better reasoning supports the conclusion that the consent of the female is not necessary to constitute the crime of incest by the male. * * * It is his intent and his act that the law punishes him for ” (David v. People, 204 Ill. 479, 486-487). “ [T]he male may be convicted of incest, even though he accomplished the act without the consent of the female and against her will ” (Gaston v. State, 95 Ark. 233, 235).
In summary, the majority of the courts take the position, in effect, that although “ [a] person who has committed no crime in the eyes of the law cannot, of course, be characterized as an accomplice ” (People v. Gibson, 301 N. Y. 244, 246) the defendant’s guilt of adultery or fornication is determined by Ms conduct and the consequences thereof are not avoided by the innocence of his victim (Smith v. State, 108 Ala. 1; McCaskill v. State, 55 Fla. 117; People v. Barnes, 2 Idaho 161; People v. Arendarczyk, 367 Ill. 534; Norton v. State, 106 Ind. 163; State v. Hurd, 101 Iowa 391; Burdue v. Commonwealth, 144 Ky, 428; State v. Hamey, 168 Mo. 167, overruling State v. Ellis, 74 Mo. 385 [which cited People v. Harriden, 1 Park. Cr. Rep. 344]; State v. Hughes, 108 N. J. 64, revd, on other grounds 109 N. J. L, 189; State v. Hittson, 57 N. M. 100; People v. Wilson, 206 Misc. 880, 882-883; Strider v. Lewey, 176 N. C. 448; State v. Labus, 102 Ohio St. 26; Jordon v. State, 62 Tex. Cr. 388; State v. Winslow, 30 Utah 403; State v. Hornaday, 67 Wash. 660, followed in State v. Coffey, 8 Wn. [2d] 504; Porath v. State, 90 Wis. 527).
The Pennsylvania courts apply the doctrine of constructive force when mental illness renders the woman incapable of giving rational consent and, perhaps, when she is unconscious through intoxication, drugs or sleep (Commonwealth v. Stephens, 143 Pa. Super. 394; Matchin v. Matchin, 6 Pa. St. 332) and (implieity) do not consider the sexual act to have been consensual when the woman is surprised and victimized by a physician who has abused the confidence placed in him (Commonwealth v. Morgan, 358 Pa. 607). Common-law rape, of course, is the antithesis of consensual sexual intercourse (Commonwealth v. Exler, 243 Pa. 155).
*467 For the purpose of this decision the court’s interest in the law of Pennsylvania centers upon the fact that it has not yet there been decided, directly, that sexual assailants cannot be guilty of adultery or f ornication, as the case may be, committed against the woman’s will or without her consent.
Under those circumstances it does not appear that defendant’s conviction of fornication by way of his guilty plea is inconsistent with his conviction after trial of the rape and the assault with intent to commit it. There is, consequently, no difficulty in perceiving that the latter crimes would have been felonies if committed in New York and it follows that the District Attorney should be sustained in his effort to protect the women of the community by requesting the penalty that may serve to deter sexual aggression (People v. Florio, 301 N. Y. 46, 53-54, supra) and thus avoid any temptation to the injured female or the male members of her family to take private vengeance (see Commonwealth v. Morgan, 358 Pa. 607, supra).
The information charging the defendant with being a second felony offender is therefore sustained and the application of the defendant to dismiss it is denied with an exception.

. Reached by stipulation between counsel in open court and reduced to writing, and which for the purpose of identification has been marked Court Exhibit I.

. Stipulation (unnum.) p. 5, last paragraph.

. By consent marked Court Exhibit 2 in evidence.

. The Pennsylvania statute (18 P. S., § 4708), like that of New York (Penal Law, § 244, subd. 1), penalizes simple assault and battery without defining it. The basic concept is taken from the common law (Commonwealth v. Bird, 152 Pa. Super. 648; Commonwealth v. Moon, 151 Pa. Super. 555; Commonwealth v. Gregory, 132 Pa. Super. 507; People v. Young, 12 A D 2d 262, 263-264, revd. on other grounds 11 N Y 2d 274; Hays v. People, 1 Hill 351, 352; People v. Lee, 1 Wheel. Cr. Cas. 364, 365, 366-369). “Indecent assault”, so-called, involves any lecherous handling without the consent of the female but without intent to have carnal knowledge of her, by force (Commonwealth v. Shrodes, 354 Pa. 70).

. Guilt under the Pennsylvania statute (18 P. S., § 4709) may be made out by proof of culpable negligence in the operation of a motor vehicle, the intent to commit an assault and battery being inferable from the circumstances (Commonwealth V. Comber, 374 Pa. 570, 582, n.). That is a New York misdemeanor (Penal Law, § 244, subd. 2; People v. Stovali, 172 Misc. 469, 470, 472; contra, People ex rel. Evans v. Denno, 13 Misc 2d 177, 179-180). Specific intent to inflict the grievous bodily harm is essential to guilt of the New York felony (People v. Katz, 290 N. Y. 361, 365-366).

. “ Whoever commits an assault and battery upon a female, with intent, forcibly and against her will, to have unlawful carnal knowledge of her, is guilty of a felony ” (18 P. S., § 4722).

. “ Whoever has unlawful carnal knowledge of a woman, forcibly and against her will, or whoever, being of the age of sixteen (16) years and upwards, unlawfully and carnally knows and abuses any woman child under the age of sixteen (16) * * * with or without her consent, is guilty of rape » * *, Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall he acquitted of rape, and be convicted of fornication ” (18 P. S., § 4721).

. Defendant may be sentenced for the most serious crime but not for ingredient-offenses committed in “successive steps” toward the major crime; contra, as to “distinct offenses” not necessarily involved in the latter. Thus, since statutory rape and bastardy are distinct crimes separate sentences may be imposed therefor but not on the fornication conviction on which the bastardy adjudication rests (Commonwealth ex rel. Roberts v. Keenan, 170 Pa. Super. 282). Acquittal of fornication will bar judgment on common-law rape, but not for assault, etc., with intent to ravish (Commonwealth v. Moss, 173 Pa. Super. 367); acquittal of adultery does not bar later prosecution for assault with intent to rape (Commonwealth v. Moon, 151 Pa. Super. 555).

. “ For a rape committed by a husband, a wife may have a divorce * * * rape is adultery on the part of the man, although not so on the part of the woman who is carnally known forcibly and against her will. It is so treated in the criminal law” (Johnson v. Johnson, 78 N. J. Eq. 507, 509).