J. Irwin Shapiro, J.
The defendant contends that he was improperly sentenced as a second felony offender on his conviction of grand larceny in the second degree on June 19,1956, and he therefore makes this motion to he resentenced as a first felony offender.
The predicate for the defendant’s adjudication as a second felony offender was a conviction of the defendant by a General Court-Martial for violating article 93 of the Articles of War. The specifications under the article 93 of which the defendant was convicted, dealt with forgery. The specification charging the defendant with a violation of the article 93 reads as follows:
“ Charge III: Violation of the 93d Article of War
“ Specification I: ‘ In that Private Bernard j. kadin, Company R, 1st Regiment, 9301 Technical Service Unit, Detachment No. 3, Army Service Forces Training Center (Ordnance), Aberdeen Proving Ground, Maryland, with intent to defraud The Western Union Telegraph Company at Aberdeen Proving Ground, Maryland, did, at Aberdeen Proving Ground, Maryland, on or about 17 December 1945 forge the signature of Private Norman Fountain upon a Western Union Money Order’.” (Copy of Money Order on original of army papers.)
The 93d Article of War reads: “ Any person subject to military law who commits manslaughter, mayhem, arson, burglary, housebreaking, robbery, larceny, embezzlement, perjury, forgery, sodomy, assault with intent to commit any felony, assault with intent to do bodily harm with a dangerous weapon, an instrument, or other thing, or assault with intent to do bodily harm, shall be punished as a court-martial may direct. ’ ’
Forgery is defined in the Court-Martial Manual, U. S. Army, 1928, paragraph 149, as: “ the false and fraudulent making or altering of an instrument which would, if genuine, apparently *426 impose a legal liability on another or change his legal liability to his prejudice.”
■Section 880 of the New York Penal Law defines the terms ‘ ‘ forge, forged and forging” as follows: “ The expressions ‘ forge ’, 1 forged ’ and 1 forging ’ as used in this article, include false making, counterfeiting and the alteration, erasure, or obliteration of a genuine instrument, in whole or in part, the false making or counterfeiting of the signature, of a party or witness, and the placing or connecting together with intent to defraud different parts of several genuine instruments.” (Emphasis supplied.)
“ Section 884. Forgery in first degree: A person is guilty of forgery in the first degree who with intent to defraud, forges: ifc %
“ 5. A * * * or other obligation of evidence of debt, issued or purporting to be issued by any bank, banking association or body corporate existing under the laws of this state, or of the United States, or of any other state, government, or country, declaring or purporting to declare any right, title or interest of any person in any portion of the capital stock, or property of such a body corporate, or promising or purporting to promise or agree to the payment of money, or the performance of any act, duty, or obligation ”.
“ Section 887. Forgery in second degree: A person is guilty of forgery in the second degree who, with intent to defraud: *M. Af. •fr W
“ 4. Makes, executes, alters, counterfeits, or forges, or causes or procures to be made, executed, altered, counterfeited, or forged or willingly aids or assists in making, executing, altering, counterfeiting, or forging, by any way, art, or means, any instrument, document, endorsement, guarantee, or evidence of debt or for the payment of money, of any character or description, issued in a characteristic form or appearance by any corporation, firm, association or individual whose name appears thereon ”.
A comparison of the New York forgery statutes above set forth with the definitions which appear in the Court-Martial Manual discloses that the army definition does not use the words “ with intent to defraud ”. However, paragraph 149 of the Court-Martial Manual makes it clear that the charge can only be forgery when there is “ the fraudulent making or altering of an instrument ”.
“ The fraudulent making ” of an instrument as required by the Court-Martial Manual is equivalent to the making of an instrument ‘ ‘ with intent to defraud ’ ’ as the latter words are *427 used in the New York forgery statute for “ That is fraudulent which is done with intent to defraud ” (Ballentine’s Law Dictionary). Since the crime of forgery in violation of the article 93 of the Articles of War, of which the defendant was convicted by an Army court-martial, would constitute a felony if committed in the State of New York, the court-martial conviction was properly used as a predicate for the adjudication of the defendant as a second felony offender.
There is, of course, no doubt that an army court-martial conviction, if it deals with matters which would be felonies in New York, may be used as a prior felony base (People v. Benjamin, 7 A D 2d 410, affd. without opinion 8 N Y 2d 812; People ex rel. Stewart v. Wilson, 257 App. Div. 555).
A second contention made by the defendant is that the representation accorded to him at the court-martial was inadequate and a denial of his constitutional right to counsel, in that both persons appointed to represent him “ are believed by the defendant not to have been duly admitted to the Bar of any State in the United States ”. Even if there were merit to the legal contention thus raised (see People v. McCullough, 300 N. Y. 107; People v. Hopkins, 38 Misc 2d 459) it is unnecessary to pass upon that issue upon this record in view of the letter dated December 2, 1963, from army headquarters, which establishes that the two men who represented the defendant at the court-martial ‘ ‘ held military occupational specialty titles of legal officers ” and that “ the records further show their related civilian occupation as lawyers ”.
The motion for resentence is in all respects denied.